HAIGHT *et al. v.* GAY *et al.*

8  297
81  477

8  297
82  242

*The Legislature has not the power to impair or take away the appellate jurisdiction of this Court, but it has the power to prescribe the mode in which appeals may be taken.*

*In all cases where an appeal is given by the statute, that remedy is exclusive and must be pursued.*

*A writ of error will only lie in cases where no appeal is given by the act of our Legislature.*

*This Court has the power, under its rules, to reinstate cases which have been dismissed at a previous term.*

*A motion for such relief will only be entertained upon a proper showing, and after due notice to respondent.*

WRIT OF ERROR to the District Court of the Eleventh Judicial District, County of Placer.

On error; motion to quash the writ.

This case was tried in the District Court of the Eleventh Judicial District, and judgment had on the thirtieth October, 1856, from which defendants appealed to this Court. The appeal was perfected February 5th, 1857, and dismissed at the last April Term of this Court. At the last July Term, defendants moved to reinstate the case upon the calendar, which motion was overruled. They then sued out a writ of error, and plaintiffs now move to quash the writ, upon the ground that it was irregularly and improvidently issued.

*L. Sanders, Jr.,* for Plaintiffs in Error.

This motion is based upon the statement that an appeal had been taken and had been dismissed by this Court. A motion had been made to reinstate the cause, but denied because the record of the appeal was never filed in this Court. It was lodged by the party with the clerk, the Court having refused to permit its being filed on motion to reinstate. See order dismissing, etc. Afterwards, a writ of error was sued out, which is now sought to be set aside, because the appeal was dismissed, on the Clerk's certificate that the record had not been made out, etc.

The statute defines the steps to be taken upon an appeal. This Court has adopted rules to govern parties as to the time when, etc., the record upon the appeal shall be filed; if not filed, the appeal may be dismissed, which, if not reinstated during the term of dismissal, shall be final and a bar to any other appeal in the same case. Rule 4.

Forfeitures of right are not favored, and as the rule, in terms only, speaks of appeals, it cannot be construed to apply to writs of error, which is a distinct remedy, authorized by the general powers of the jurisdiction of this Court, both by the Constitution and law, and especially by the forty-fifth rule, which

reads: "A writ of error shall be issued by the clerk of this Court upon the filing with him of an affidavit, by, or in behalf, of the party applying for a writ showing that there is a judgment to be reviewed, describing it, and also that there is a proper case for the issuing of a writ."

Now, if the rule meant more than it contains, it would have been expressed, or embraced by an exception, of all causes where an appeal had been taken and dismissed upon a hearing upon the merits.

The mode, extent, nature, and effect of an appeal, is different and more extensive than that of a writ of error.

The "appeal" is a matter of right which the law gives to the party. The latter is granted upon an application supported by affidavit to the complaining party on questions of law only. It is limited to one year by rule of Court.

1 can find no precedent, or adjudged case, where an appeal, tried upon its merits, or otherwise, has ever been plead in bar in the prosecution of a writ of error. But I have no doubt that upon a showing that the appeal was disposed of upon its merits as to the same errors, the Court, upon such a plea, would bar the writ.

But I have found a case that fits the one at bar. In the case of Yell v. Outlaw, (14 Ark., 1 Barb., 413,) it was held: "An appeal taken in the Circuit Court, without stay of execution, even when such appeal has been prosecuted and is pending in the Supreme Court, down to hearing and submission, will not bar the suing out subsequently a writ of error to the same judgment." See U. S. Digest, vol. 15, p. 235, §.24.

There is no law, or rule of Court, requiring a bond in the prosecution of a writ of error, save only when it is designed to operate as a stay of execution, which was not made here. The fact is, the property of Gay & Co. was sold before the appeal was dismissed, and the dismissal sought to defeat their remedy.

But if a bond is necessary, the plaintiffs in error will execute it upon a rule to do so.

Upon the foregoing views, we insist that the plaintiffs' motion be denied, and that the plaintiffs in error be allowed to prosecute their suit.

*C. J. Hillyer* for Defendants in Error.

The question is, whether after an appeal has been perfected, and owing to the neglect of appellant, has been dismissed, he can afterwards prosecute a writ of error to review the same alleged errors.

Section three hundred and thirty-three of the Practice Act is in these words:

"A judgment or order in a civil action, except when expressly

made final by this act, may be reviewed as presented by this title, and not otherwise."

There is nothing in the Constitution preventing the Legislature from limiting the mode of review as they might think proper. Art. VI, § 4, Con.

It is difficult to perceive how, in any case, a writ of error will lie without directly infringing this statute.

The section above quoted, and the forty-fifth rule of the Supreme Court can only be reconciled by considering the writ of error and appeal as identical. If so, when a party has lost his right to appeal, he has forfeited his right to a writ of error.

The object of rule fourth of this Court was to enforce diligence upon those parties who were protracting litigation by removing a cause to this Court.

This object would be totally defeated if this writ can be sustained. If a party can first appeal, thus causing a delay till the next term of this Court, put the respondent to the trouble of procuring a certificate, and moving this Court for a dismissal, (in all which proceeding the appellant does not become chargeable with one cent of costs,) and afterwards commence proceedings anew by a writ of error to procure a review of the same alleged errors, then the rule referred to is worse than nugatory. It furnishes a convenient instrument to an obstinate litigant with which to increase the trouble and expense of his adversary.

After the dismissal of the appeal, the party has still the right to move that it be reinstated, and the Court will grant the motion if he can show himself not in fault.

In this case, the dismissal was ordered in the first week of the April Term. Had the dismissal been in any way unjust to appellants, he had full opportunity to have shown the fact to this Court, and secured the reinstatement of the case.

Rule forty-eighth of this Court, it is believed, precludes a party from escaping the consequence of his negligence on an appeal by resorting to a writ of error, which is to be governed by the same rules.

No cases precisely in point can be found, but those below cited establish this.

When a statutory remedy is given to a party dissatisfied with the judgment of an inferior Court, the common law remedy is taken away, except in cases when, without any negligence, the party is not able to avail himself of the statutory remedy. Savage *v.* Gulliver, 4 Mass., 177 ; Jarvis *v.* Blanchard, 6 Mass., 4 ; Cook *v.* Hoyt, 13 Ill. Rep., 144 ; White *v.* Ferye, 2 Gilman's R., 65.

The case presents stronger objections to the allowance of the writ than any above, in this, that our statute expressly denies the writ, and also, that the rules of this Court gave to the appel-

lant the opportunity of excusing his delay and having the appeal reinstated.

BURNETT, J., after stating the facts, delivered the opinion of the Court—TERRY, C. J., concurring.

The appellate power of the Supreme Court is given by the fourth section of the sixth article of the Constitution, which expressly empowers this Court to issue all writs and process necessary to the exercise of its appellate jurisdiction. The Legislature, therefore, can pass no act impairing the exercise of this appellate power.

But while the Legislature cannot substantially impair the right of appeal, it is certainly competent to regulate the mere *mode* in which this right must be asserted. The Constitution only empowers this Court to issue such writs and process as may be *necessary* to the exercise of its appellate jurisdiction; if this appellate jurisdiction can be exercised without this process, then it cannot be necessary, and should not be issued.

In the case of Savage *v.* Gulliver, 4 Mass. R., 177, it was said that " the statute, in giving an appeal, has, in our opinion taken away, by a reasonable implication, the remedy by error, unless in cases where the aggrieved party, without laches on his part, could not avail himself of an appeal." See also, 6 Mass. R., 4 ; 2 Gillman's R., 65 ; 13 Ill. R., 144.

But the construction of our Practice Act is not left to rest upon reasonable implication. The ninth title of the act relates exclusively to appeals, and the three hundred and thirty-third section provides that " a judgment or order in a civil action, except when expressly made final by the act, may be reviewed as prescribed by this title, and not otherwise."

This provision is plain and positive, that a judgment or order, may be *received as prescribed by that title, and not otherwise.* If, therefore, an appeal be given by that title in a particular case, the judgment or order can only be reviewed in the manner therein prescribed. In reference to cases where no appeal is given, this negative provision, " not otherwise," could not apply.

Our conclusion is, that in all cases where an appeal is given by the statute, that remedy is exclusive and must be pursued, and that a writ of error will only lie in cases where no appeal is given by the act. If, from any excusable cause, the party has been prevented from prosecuting his appeal, his remedy is by motion to reinstate the case. And if he has been prevented from making this motion at the same term of the Court at which the appeal was dismissed, he may, upon a proper showing, and after due notice to the respondent, make the motion at a subsequent term. The rules of this Court are always under its control, and their application may be enlarged in *special cases.*

Motion sustained.