## BAUER v. PARKER et al.

(Supreme Court, Appellate Division, First Department. January 5, 1900.)

TRIAL—JUDGMENT—STAY OF PROCEEDINGS—APPEAL.

Where an interlocutory judgment against defendants, rendered in 1896, directed a reference, and proceedings were stayed pending an intended appeal, and nothing further was done until January 13, 1899, when judgment was rendered disposing of all litigated issues in the case, notice of which was served on the defendants in March, 1899, the subsequent staying of proceedings on the judgment in order that an appeal might thereafter be taken was an abuse of discretion, as defendants' delay and failure to appeal after having been notified of the entry of the judgment were sufficient ground for refusing the stay.

Appeal from special term, New York county.

Action by Louis Bauer against Henrietta M. Parker and others. From an order staying proceedings on a judgment, plaintiff appeals. Reversed.

Argued before VAN BRUNT, P. J., and RUMSEY, O'BRIEN, and INGRAHAM, JJ.

James Dunne, for appellant.

Payson Merrill, for respondents.

RUMSEY, J. This action was tried in February, 1896. As to some of the defendants the complaint was dismissed, but the court directed the entry of an interlocutory judgment against the other defendants, some of whom are the respondents on this appeal. Nothing seems to have been done in the action from that time until the 13th of January, 1899, when the defendants who had succeeded caused to be entered a judgment which disposed of all the issues litigated at the trial, and established the liability of the defendants against whom the plaintiff had succeeded. A copy of this judgment, with notice of its entry, was served by the attorneys of the defendants, who entered it upon these defendants as well as upon the plaintiff. Nothing more was done in the matter, however, until the month of March, 1899, when the plaintiff caused an advertisement to be published giving notice of proceedings before the referee. That advertisement was published, and the matter was in readiness to go on before the referee when the motion for this stay was made. The defendants who have made this motion, although they say that it is their intention to take an appeal from the judgment, have not appealed; nor does it appear that they have filed or served exceptions to the decision of the court. It is quite clear to us, upon that state of facts, that it was an abuse of the discretion of the court to stay these proceedings. It is not necessary to consider whether the time of the defendants to appeal was set running by the service of the copy of the judgment and notice of its entry by another defendant. It is sufficient to say that the delay which took place after the defendants had become aware of the entry of the judgment, and become acquainted with the liability imposed upon them by it, coupled with the fact that they have not yet seen fit to appeal from it, is a sufficient reason for denying them the stay.

The order staying these proceedings should therefore be reversed, with $10 costs and disbursements, and the motion for the stay denied, with $10 costs. All concur. ·