[Sac. No. 2789.   In Bank.—March 19, 1918.]

PEOPLE ex rel. HUGH B. BRADFORD, Respondent, v. LAURA E. LAINE, Defendant; CHAS. F. GIBNEY, Appellant.

RED LIGHT ABATEMENT LAW—APPEAL—STAY OF EXECUTION—BOND—SUPERSEDEAS.—Where judgment has been entered against a defendant enjoining him from maintaining or using certain real property for immoral purposes in pursuance of the so-called "Red Light Abatement Law" (Stats. 1913, p. 20), and directing the sheriff to close the building and keep it closed for one year, to remove all occupants from the property, and to sell all the furniture and movable property, in the manner provided for sales under execution, an appeal from the judgment by the owner of the property, while it does not stay the operation of the injunctive relief prohibiting the use of the property for the purpose of acts of lewdness, does operate as a stay of all proceedings to enforce so much of the judgment as directs the sheriff to remove tenants and occupants of the premises and to sell the furniture and other movable property, and no bond is required to obtain such stay, and where the enforcement of the judgment in the respects mentioned is threatened, a peremptory writ of *supersedeas* will be issued.

ID.—APPLICATION TO TRIAL COURT FOR RELIEF UNNECESSARY.—In such case application to the trial court for the relief provided by section 9 of the act is unnecessary.

ID.—EFFECT AND APPLICATION OF SECTION 9 OF THE ACT.—Section 9 of the red light abatement law, providing for a *supersedeas* by the trial court on the defendant giving a bond to abate any nuisance existing at the building, and to prevent the same being established or kept thereat within a period of time thereafter, has no application to the case of an appealing defendant who contends that he has been improperly and unjustly found guilty of maintaining a nuisance, application for relief under that section being permitted in the case only of one who concedes the regularity of the judgment and pays the costs.

APPLICATION for Writ of Supersedeas to stay execution of a judgment of the Superior Court of Sacramento County.

The facts are stated in the opinion of the court.

Butler & Van Dyke, for Appellant.

J. R. Hughes, and H. B. Bradford, for Respondent.

MELVIN, J.—Petitioner was one of two defendants in an action brought by the people of the state of California upon the relation of the district attorney of the county of Sacramento, which resulted in a judgment perpetually enjoining the defendants from conducting or maintaining or using for purposes of lewdness certain described real property. By the judgment the sheriff of Sacramento County was directed forthwith to remove all occupants from the property, to keep the building closed for the period of one year, and immediately upon the entry of judgment to remove all furniture, fixtures, musical instruments, and other movable property situate in said building from the premises and to sell the same in the manner provided for the sale of chattels under execution.

After judgment was rendered Charles F. Gibney, defendant in said action (petitioner here), appealed therefrom and the appeal is still pending and undecided. The proper authorities having announced their intention of carrying out all of the provisions of the judgment on the theory that the appeal did not operate as a stay, Gibney petitioned this court for a writ of *supersedeas.* An order was made requiring respondents to show cause why a writ should not issue, and pending hearing and decision thereon all of the judgment was stayed except that part requiring petitioner to refrain from using the premises for immoral purposes.

A general demurrer to the petition has been filed and as the questions involved are of purely legal cognizance, there being no contest regarding the facts, we shall decide the essential questions involved by ruling on the demurrer.

The action was instituted under the statute commonly known as the "Red Light Abatement Law" (Stats, 1913, p. 20). Petitioner contends that having appealed from the judgment by the "new method," that is, having given notice of appeal under section 941b of the Code of Civil Procedure, the filing of such notice stays all proceedings appealed from except that part of the judgment which amounts to a prohibition against using the premises for purposes of lewdness.

Respondents do not contend that a bond would be required to stay the judgment in an ordinary action wherein the judgment directs the disposal of personal property, but the point is made that the act itself provides for a method

whereby the appellant may invoke the discretion of the superior court to suspend the operation of parts of the judgment pending appeal. It is argued that before petitioner may, in any view of the law on the subject, ask for a writ of *supersedeas,* he must show that he has unsuccessfully pursued the statutory method of endeavoring to secure a stay of execution. The part of the statute to which the demurring party refers is section 9, which is as follows: "If the owner of the building or place has not been guilty of any contempt of court in the proceedings, and appears and pays all costs, fees and allowances which are a lien on the building or place and files a bond in the full value of the property, to be ascertained by the court, with sureties, to be approved by the court or judge, conditioned that he will immediately abate any such nuisance that may exist at such building or place and prevent the same from being established or kept thereat within a period of one year thereafter, the court, or judge thereof, may, if satisfied of his good faith, order the premises, closed under the order of abatement, to be delivered to said owner, and said order of abatement canceled so far as the same may relate to said property. The release of the property under the provisions of this section shall not release it from any judgment, lien, penalty or liability to which it may be subject by law." It will appear at a glance that while this section does apply to requested relief from that part of the judgment enjoining the use of the premises for the purpose of acts of lewdness and that portion requiring the sheriff to remove all persons therefrom, it does not, in terms at least, empower the trial court to restrain the sale of the personal property during appeal upon the giving of a proper bond. Nor does it in substance, as respondents contend, amount to a process by which one who appeals from a judgment of abatement may secure a *supersedeas* from the trial court. Indeed, the statute has nothing to do with an appealing defendant who contends, of course, that he has been improperly and unjustly found guilty of maintaining a nuisance. The application provided in the act may only be made by one who concedes the regularity of the judgment and pays the costs. There is no force, therefore, in the contention of the demurring party that petitioner has no standing here because he failed to ask for relief in the court below under section 9 of the Abatement Act.

The only other point made by respondents is that the judgment amounts to a prohibitory injunction, an appeal from which does not stay its force.

That this is true of that part of the injunctive relief prohibiting the maintenance of the premises for lewd purposes is conceded by petitioner. Indeed, he insists that he never has maintained the property for immoral uses, and that is why he is appealing from the judgment. As we have had occasion to state in the preceding discussion, there were three parts to the judgment, one enjoining the use of the premises for the purpose of acts of lewdness; another directing the sheriff to remove persons and property from the premises, and a third placing upon the sheriff the obligation of removing and selling furniture, fixtures, etc. Clearly the second and third parts of the judgment direct affirmative acts which would operate to the irreparable injury of appellant if he should be successful in his appeal. That part of the decree which directs the removal of tenants and property and the sale of chattels is mandatory and is stayed by operation of the appeal. (*Dewey* v. *Superior Court,* 81 Cal. 64, [22 Pac. 333] ; *Dulin* v. *Pacific W. & C. Co.,* 98 Cal. 304, [33 Pac. 123] ; *Stewart* v. *Superior Court,* 100 Cal. 543, [35 Pac. 156, 563] ; *Schwarz* v. *Superior Court,* 111 Cal. 106, [43 Pac. 580] ; *United Railroads of San Francisco* v. *Superior Court,* 172 Cal. 80, [155 Pac. 463].) If the sheriff should be permitted to sell the personal property and if on appeal the judgment should be reversed, that result would be an ineffectual victory for petitioner. It is only just and proper that in such a case the personal property should be preserved to petitioner pending his appeal. To hold otherwise would work irreparable injury in those cases where the judgment of the lower court should be reversed on appeal.

The conclusion may not be escaped that under sections 941c and 949 of the Code of Civil Procedure petitioner's right to a stay is statutory and that no bond is required.

The demurrer is overruled. Let the writ issue as prayed.

Sloss, J., Wilbur, J., Richards, J., *pro tem.,* Victor E. Shaw, J., *pro tem.,* and Angellotti, C. J., concurred.