[Sac. No. 3396. In Bank.—January 5, 1923.]

## THE PEOPLE, etc., Respondent, v. JIM JACKSON et al., Petitioners.

[1] APPEAL—STAY OF EXECUTION—ABATEMENT OF NUISANCE—EXCEP-
TION—POWER OF LEGISLATURE.—The legislature has the authority to put any condition or restriction on a stay of execution, and the amendment of section 949 of the Code of Civil Procedure in 1921 excepting from a stay of execution by an appeal a judgment declaring a building to be a nuisance and directing the closing thereof for a period of time, is a proper exercise of such legislative power.

190 Cal.—17

[2] ID.—CODE AMENDMENT—ISSUANCE OF WRITS—POWER OF SUPREME COURT UNAFFECTED.—The amendment of section 949 of the Code of Civil Procedure excepting from a stay of execution by an appeal a judgment declaring a building to be a nuisance is not an impairment of the power of the supreme court given by section 4 of article VI of the constitution to issue all writs and process necessary to the exercise of its appellate jurisdiction, since the execution of a judgment does not deprive the court of its jurisdiction to determine the correctness of the judgment on appeal, and the court has authority under the constitution to issue a writ of supersedeas whenever it is essential to preserve the rights of the parties pending the appeal.

[3] ID.—EFFECT OF CODE AMENDMENTS.—The amendment of section 941 of the Code of Civil Procedure in 1921, which prior thereto provided for the giving of undertakings on appeal, did not have the effect of rendering section 949 of such code unintelligible, since the effect of the repeal of section 941b and the amendments of sections 940 and 941 was to make the filing of a notice with the clerk effective to take an appeal in all cases and to give to section 949 the meaning that the perfecting of an appeal without a bond is sufficient to stay execution of a judgment except when a special bond is required under sections 942, 943, 944 or 945, from which it follows that an appeal, with or without a bond, does not stay execution of a judgment in an action to have a building declared to be a nuisance and closed for a period of time.

[4] ID. — SUPERSEDEAS — ISSUANCE OF WRIT.—A writ of supersedeas does not issue of right, but only when in the judgment of the court it is necessary to protect the rights of the parties on appeal, and it will not be granted where there has been an unreasonable delay in taking an appeal or where the appeal is merely for the purpose of delay.

[5] ID.—STAY OF EXECUTION—ABATEMENT OF NUISANCE—ATTITUDE OF SUPREME COURT.—The legislature by the amendment of section 949 of the Code of Civil Procedure has indicated that there should be no stay of an action to abate a building as a nuisance, and the supreme court should not lend its aid to the continuance of such nuisance in the absence of some showing of merit in the appeal or of diligence in its prosecution.

APPLICATION for a Writ of Supersedeas. Denied.

The facts are stated in the opinion of the court.

George E. McCutchen and Ralph H. Lewis for Petitioners.

Markham Johnston and Clifford A. Russell for Respondent.

LAWLOR, J.—This is a petition on behalf of Jim Jackson and Elizabeth Jackson for a writ of *supersedeas* directed to the district attorney, clerk and sheriff of Sacramento County to restrain the execution of a judgment rendered against petitioners by the superior court of that county. Respondent has filed a demurrer to the petition, without briefs or authorities, and no question of fact is raised.

The judgment was rendered in an action instituted by the District Attorney of Sacramento County under the "Red Light Abatement Law" (Stats. 1913, p. 20), and ordered that petitioners refrain from maintaining certain prescribed premises for purposes of lewdness, assignation or prostitution, directed that the occupants thereof be removed and that the building be closed for the period of one year. From that judgment petitioners have appealed. They now allege that, notwithstanding their appeal, a writ of execution will be issued to the sheriff by virtue of section 949 of the Code of Civil Procedure, hereinafter considered, directing him to "remove all furniture, fixtures, musical instruments and other movable property from the said premises and building and sell the same in the manner provided in said judgment," and that the sheriff, unless restrained, will execute the judgment. It may be noted that it is not ordered by the judgment, as required by the statute, that the furniture, fixtures, musical instruments and other movable property be removed from the premises or sold. However, as the statute provides that the plaintiff's costs and the expenses of enforcing the judgment shall be paid out of the proceeds of such sale, it may be assumed such a sale will result from the enforcement of the judgment.

Prior to 1921 section 941 of the Code of Civil Procedure provided that "The undertaking on appeal must be in writing, and must be executed on the part of the appellant, by at least two sureties, to the effect that the appellant will pay all damages and costs which may be awarded against him on appeal, or on a dismissal thereof, not exceeding three hundred dollars; or that sum must be deposited with the clerk with whom the judgment or order was entered, to abide the event of the appeal." Section 949, also amended in 1921, was as follows: "In cases not provided for in sections nine hundred and forty-two, nine hundred and forty-three, nine hundred and forty-four and nine hundred and

forty-five, the perfecting of an appeal by giving the undertaking or making the deposit mentioned in section nine hundred and forty-one, stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property. . . . ''

In 1921 (Stats. 1921, p. 193) section 941 was so amended as virtually to amount to its repeal as it formerly read, the section as amended having no reference to undertakings on appeal. To section 949 was added the following clause: ''and except, also, where it adjudges a building or place to be a nuisance, and as a part of the judgment in the case orders and directs the closing of the building or place against its use for any purpose for any period of time.'' (Stats. 1921, p. 95.)

Petitioners contend this section is unconstitutional because it, in practical operation, destroys the right of appeal by making the judgment of the superior court final and that because of the amendment of section 941, providing for the giving of a bond on appeal, section 949 has become so uncertain as to be unenforceable.

[1] It was held in *People* v. *Laine*, 177 Cal. 742 [171 Pac. 941], a case similar to the one at bar but decided before the above amendment was added to section 949, that an appeal in such an action did not stay execution of that portion of the judgment prohibiting the maintenance of the premises for purposes of lewdness, under the rule that an appeal from a prohibitory injunction does not operate to stay its force. Those parts of the decree directing the removal of persons and property from the premises and the removal and sale of the furniture and fixtures were held to be mandatory and stayed by virtue of the appeal. (See *Wolf* v. *Gall*, 174 Cal. 140 [162 Pac. 115].) The effect of the amendment to section 949 is to except also from the stay of execution, by statutory amendment, the portion of such a decree directing the closing of the building against its use for a period of time. Therefore, the only question presented by petitioners' first point is the authority of the legislature to except mandatory injunctions from the statutory stay of execution provided by section 949, which incidentally involves the authority of the legislature to put any condition or restriction on a stay of execution. Such an act is an entirely proper exercise of the legislative power. In

*Ex parte Queirolo,* 119 Cal. 635 [51 Pac. 956], considering
the effect of the taking of an appeal upon a judgment in a
divorce action it was declared: "The effect of an appeal
from the judgment, as suggested in *Foster* v. *Superior
Court, supra* [115 Cal. 279, 47 Pac. 58], is purely a matter
of statutory regulation, to be determined by a construction
of the statute under which the appeal is taken, and by
the terms of which, when clear and unambiguous, we are
concluded."

[2] Petitioners have cited *Haight* v. *Gay,* 8 Cal. 297 [68
Am. Dec. 323], to the effect that "The appellate power of the
Supreme Court is given by the fourth section of the sixth
article of the Constitution, which expressly empowers this
court to issue all writs and process necessary to the exercise
of its appellate jurisdiction. The legislature, therefore, can
pass no act impairing the exercise of this appellate power."
We are also referred to other cases containing similar lan-
guage. It is a sufficient answer to this proposition that the
execution of a judgment does not deprive this court of its
jurisdiction to determine the correctness of the judgment on
appeal and that this court has authority under the constitu-
tion to issue a writ of *supersedeas* whenever it is essential to
preserve the rights of the parties pending the appeal. The
mere fact that the legislature provides that the taking of
an appeal shall *not itself* stay the execution does not de-
prive this court of authority to issue a writ of *supersedeas.*
The amendment to section 949 does not, therefore, take
away appellants' constitutional right of appeal.

[3] Nor can the contention that since the amendment
of section 941, section 949 has become unintelligible be sus-
tained. Under the methods of appeal provided before the
year 1921, if the appeal was taken under sections 940 and
941, it was necessary for the appellant to file a bond of
three hundred dollars for costs in order to perfect the
appeal. The appeal then operated to stay all proceedings
under the judgment by reason of the provisions of section
949, unless an additional bond was required under sections
942, 943, 944 or 945. Under the alternative method of
appeal provided by section 941b, whereby an appeal might
be taken by merely filing a notice with the clerk, it was
held that an appeal bond was unnecessary (*Theisen* v. *Mat-
thai,* 165 Cal. 249 [131 Pac. 747]), and that proceedings

under a judgment were stayed by the taking of an appeal unless an additional stay bond was required by sections 942, 943, 944 or 945 of the Code of Civil Procedure. It was obviously the purpose of the amendments of 1921 (Stats. 1921, p. 193) to alter this situation, in which if the notice was given under section 941 a bond of three hundred dollars was required, but none if it was given under 941b.

The effect of the repeal of section 941b and the amendment of section 940 was to make the mere filing of a notice with the clerk effective to take the appeal in all cases. By reason of the amendment of section 940 removing the requirement of a stay bond to perfect an appeal, section 941, prescribing the bond required, was no longer necessary. It having been in effect repealed by the amendment of section 940, the section numbered 941 was used for a different subject.

Section 949 was amended in 1921, as already pointed out, by the insertion of the provision that a stay of execution under section 941 was not applicable to a judgment for the abatement of a nuisance. Before its amendment, upon perfecting an appeal under section 940 and giving a bond under section 941, a judgment was stayed; upon perfecting an appeal under section 941b by giving the notice of appeal, a judgment was stayed without an appeal bond. (*People* v. *Laine,* 177 Cal. 742, 745 [171 Pac. 941].) In view of these facts, the subsequent amendment of sections 940 and 941 and the repeal of section 941b merely give to section 949 the meaning that the perfecting of an appeal, without a bond, is sufficient to stay execution of a judgment except when a special bond is required under sections 942, 943, 944 or 945. It follows that the effect of the amendment of 1921 to section 949 is that an appeal, with or without a bond, does not stay execution of the judgment in such a proceeding as the one at bar.

[4] As already indicated, this court, by the amendment to section 949, is not deprived of its authority to issue a writ of *supersedeas* to stay execution. It remains to consider whether in the exercise of its appellate jurisdiction in the case at bar it should issue such a writ, which does not issue of right, but only when in the judgment of the court it is necessary to protect the rights of the parties

on appeal. (*Luckenbach* v. *Krempel,* 188 Cal. 175 [204 Pac. 591].) It has been held that a writ of *supersedeas* will not be granted where there has been an unreasonable delay in taking an appeal (*Bauer* v. *Parker,* 47 App. Div. 623 [61 N. Y. Supp. 1021]), or where the appeal is merely for the purpose of delay. (See cases cited in 3 C. J. 1291, note.) [5] The legislature by enacting section 949 has indicated as its opinion that there should be no stay of an action to abate the character of nuisance complained of in the case at bar, and this court ought not to lend its aid to the continuance of such business in the absence of some showing of merit in the appeal and some showing of diligence in the prosecution of the appeal. In the case at bar the notice of appeal was served on May 13, 1922. The order to show cause upon the application for a writ of *supersedeas* was made May 22, 1922, ordering a stay of proceedings pending a decision upon the application, but the transcript on appeal is not yet filed. Under these circumstances no sufficient reason appears why the writ should be issued.

The petition is denied.

Wilbur, J., Waste, J., Shaw, C. J., Lennon, J., and Ward, J., concurred.