[Civ. No. 3012.  Third Appellate District.—August 27, 1925.]

## CATHERINE M. JOHNSTON, Respondent, v. ELLIS W. JONES, Sheriff, etc., Appellant.

[1] MANDAMUS—APPEAL—STAY OF EXECUTION — SUPERSEDEAS — PRE-SUMPTIONS.—The perfecting of an appeal, without any undertaking, is sufficient to stay execution of a judgment directing the issuance of a writ of mandate commanding the sheriff to release certain attachments or garnishments served or levied by him; and on an application by said sheriff for a writ of *supersedeas* staying enforcement, pending appeal, of said writ of mandate, in the absence of a stronger showing than that the plaintiff in the *mandamus* proceeding has threatened to and will apply to the trial court for an order adjudging petitioner (the sheriff) "guilty of contempt of court in the event that he refuses to release the said attachment in accordance with the said writ of mandate" and that petitioner "is informed and believes and therefore alleges that said court . . . will entertain the said motion" to have petitioner "adjudged guilty of contempt of court," it is not to be presumed that the trial court will proceed in disregard of the plain provisions of the statute and the construction thereof by the supreme court.

(1) 3 C. J., p. 1273, n. 59, p. 1290, n. 63.

APPLICATION for a Writ of Supersedeas staying the enforcement, pending appeal, of a writ of mandate.  Denied.

The facts are stated in the opinion of the court.

Ralph H. Lewis and Berkeley B. Blake for Petitioner.

Thomas B. Leeper for Respondent.

THE COURT.—This is an application by the defendant for a writ of *supersedeas* staying the enforcement, pending appeal, of a writ of mandate issued by the trial court, commanding the defendant to release certain "attachments or garnishments . . . served or levied by him," as sheriff, in an action by one Hille against the plaintiff herein.

1.  See 1 Cal. Jur. 887; 23 Cal. Jur. 985.

**[1]** The petition alleges that the defendant has regularly appealed to this court from the judgment entered against him in the *mandamus* proceeding; that, notwithstanding such appeal, the plaintiff has threatened to and will apply to the trial court "for an order adjudging appellant guilty of contempt of court in the event that he refuses to release the said attachment in accordance with the said writ of mandate; and appellant is informed and believes and therefore alleges that said court . . . will entertain the said motion . . . to have appellant adjudged guilty of contempt of court."

It is clear that the perfecting of an appeal, without an undertaking, is sufficient to stay execution of a judgment directing the issuance of a writ of mandate. (Code Civ. Proc., sec. 949; *People* v. *Jackson,* 190 Cal. 257, 262 [212 Pac. 4]; *People* v. *Laine,* 177 Cal. 742, 745 [171 Pac. 941]; *Wolf* v. *Gall,* 174 Cal. 140, 142 [162 Pac. 115].) It is not to be presumed, in the absence of a stronger showing than here made, that the trial court will proceed in disregard of the plain provisions of the statute and the construction thereof by the supreme court.

The petition is denied without prejudice.