[Civ. No. 4990. Second Appellate District, Division One.—September 30, 1925.]

## ANNIE F. YOUNG, Appellant, v. CITY COUNCIL OF THE CITY OF LOS ANGELES et al., Respondents.

[1] STREET LAW — STREET OPENING ACT OF 1903 — INTERLOCUTORY JUDGMENT—STAY PENDING APPEAL.—The provisions of section 945 of the Code of Civil Procedure, relating to a stay bond on appeal from a judgment which directs "the sale or delivery of possession of real property," do not apply to an "interlocutory judgment" entered in an action brought under the Street Opening Act of 1903 to condemn certain real property required for street purposes.

[2] ID.—INTERLOCUTORY JUDGMENT—APPEAL—STAY OF ASSESSMENT— LIBERAL CONSTRUCTION OF ACT.—It is an appropriate inference from the provisions of sections 13 and 15 of the Street Opening Act of 1903, reading them together, that the taking of an appeal is not intended to have the force of a stay of the assessment proceedings; and under section 37 of said act, the provisions thereof shall be liberally construed to promote the objects thereof.

[3] ID.—INADEQUATE COMPENSATION—APPEAL—RIGHTS TO BENEFITS OF JUDGMENT.—Section 1254 of the Code of Civil Procedure, which provides that in an eminent domain proceeding, at any time after entry of judgment or pending an appeal therefrom, where

---

1. See matter supplementary to **2 Cal. Jur.** 434, n. 2.

the amount awarded has been paid into court for the defendant, he may receive said money, upon filing a receipt therefor "and an abandonment of all defenses to the action or proceeding, except as to the amount of damages that he may be entitled to in the event that a new trial shall be granted," is applicable to a proceeding brought under the Street Opening Act of 1903; and, therefore, neither the completion of the assessments under said act, nor their enforcement in due course while an appeal from the interlocutory judgment is pending, will deprive the defendant of the full beneficial results of a successful appeal grounded upon claims of error which prevented defendant from obtaining adequate compensation and damages.

(1) 3 C. J., p. 1273, n. 61.    (2) 20 C. J., p. 877, n. 49, p. 1108, n. 94.    (3) 20 C. J., p. 1109, n. 98 New.

APPEAL from a judgment of the Superior Court of Los Angeles County. Hartley Shaw, Judge. Affirmed.

The facts are stated in the opinion of the court.

Meserve & Meserve and Timon E. Owens for Appellant.

Jess E. Stephens, City Attorney, Donald M. Keith, Deputy City Attorney, and John A. Rush for Respondents.

CONREY, P. J.—This is a proceeding on writ of review, and comes before this court on appeal by petitioner from a judgment affirming an order of the City Council which confirmed an assessment made for the opening, widening and extending of Fifth Street in the city of Los Angeles.

The street-opening proceedings were prosecuted under the Street Opening Act of 1903 (Stats. 1903, p. 376). In connection therewith an action was brought against Dan Morris, Annie F. Young and others to condemn certain real property required for said street purposes. An "interlocutory judgment" was entered against Mrs. Young in that action. She appealed from that judgment. A decision has been rendered this day by this court, affirming said interlocutory judgment. (*City of Los Angeles* v. *Morris et al., ante,* p. 473, [241 Pac. 409].) That decision contains a history of the progress of the condemnation suit to and including the entry of said interlocutory judgment.

From the petition for writ of review, taken together with the return thereon, it appears that in the condemnation suit the compensation and damages of Mrs. Young and her mortgagee were awarded pursuant to the verdict of a jury, whereas the compensation and damages of all the other defendants were determined in accordance with a report of referees appointed under the provisions of the statute. The interlocutory judgment against Mrs. Young and her mortgagee, which was entered on the first day of May, 1923, did not include any adjudication of the rights established by confirmation of the report of the referees. A separate interlocutory judgment as to the defendants included in the report of the referees was entered on June 6, 1923. Thereafter, on July 31, 1923, the City Council directed the city engineer to prepare a diagram or map of the assessment district, as provided for by the Street Opening Act of 1903. This diagram and map having been made and delivered to the board of public works, the board of public works proceeded to make its assessment against the real property included in the assessment district. The assessment having been completed and certified in due form and delivered to the clerk of the City Council, and notice having been given by the clerk in due form as provided by the statute, various objections and protests in writing were made by property owners in the assessment district, including Mrs. Young. The objections of Mrs. Young, as stated in her protest, need not be repeated here. It is sufficient to say that the several grounds of objection to the authority of the City Council to proceed in the matter of said assessment included all of the grounds of objection which are relied upon by her in the proceeding for a writ of review and on this appeal. The appeal of Mrs. Young from the interlocutory judgment entered against her had been taken by her within thirty days from such entry, and has so remained, pending and undecided, until the present time.

Appellant relies upon two propositions: First, that there was no power in the superior court to render two "interlocutory judgments" in an action brought under the Street Opening Act of 1903; second, that the City Council does not have the power or right "to levy assessments" under said act, when there is an appeal pending from the inter-

locutory judgment entered in a condemnation action brought pursuant to the provisions of that act.

The first of these contentions has been decided adversely to appellant, in the decision rendered on the appeal in the other case, *City of Los Angeles* v. *Morris et al., supra.*

[1] The sections of the Code of Civil Procedure which deal with the manner of taking an appeal, and with the stay of proceedings (secs. 940 to 949, Code Civ. Proc.) remain unchanged since the year 1921. Since the amendments made during that year (Stats. 1921, p. 95) section 949 has been construed to mean (so far as the general rules of practice are concerned), that the perfecting of an appeal, without a bond, is sufficient to stay execution of a judgment except when a special bond is required under sections 942, 943, 944 or 945. (*People* v. *Jackson,* 190 Cal. 257, 262 [212 Pac. 4].) Respondent claims that appellant gave no stay bond on appeal in *City* v. *Morris, supra,* and that the case is one where, to stay enforcement of the judgment, a bond was required under the provisions of section 945, Code of Civil Procedure, which applies to a judgment which directs "the sale or delivery of possession of real property." The record here, while it does not state that a bond was given, does not state the contrary. Let it be assumed that there was none. Nevertheless, we are of the opinion that the interlocutory judgment in question was not a judgment to which the provisions of said section 945 apply. In *City of Los Angeles* v. *Pomeroy,* 132 Cal. 340 [64 Pac. 477], it was so held, with respect to the final judgment following the interlocutory judgment. It follows that the appeal stayed all proceedings on the judgment, unless the provisions of the Street Opening Act of 1903 are such that they create an exception to the rule, or unless in the absence of such provision there is a like exception contained in the title on Eminent Domain (sec. 1237 et seq.) in the Code of Civil Procedure.

Here it must be noted that the orders of the City Council, against which appellant's petition is directed, are not orders made under any execution or command of the court requiring the Council to do anything under and by virtue of the interlocutory judgment. The entry of that judgment, even if there had been no appeal, had no effect upon the Council

except that such entry created the condition which authorized the Council to proceed. "Upon the entry of the interlocutory judgment, the city council shall," etc. But the act also provides (sec. 14) that the Council may abandon the proceedings at any time prior to payment of the compensation awarded the defendants.

For the purpose of further testing the merits of the case we shall assume, however, that the orders of the Council, including its hearing of protests against the assessments, and decision thereon, and confirmation of the assessments, are proceedings in the nature of a proceeding to enforce the interlocutory judgment. And since they include determinations of fact, upon evidence received, we further assume that the matters to be determined are of a judicial nature, and so are subject to attack in a *certiorari* proceeding.

[2] The terms of the Street Opening Act of 1903, section 15, on their face indicate a legislative intention that the assessment proceedings shall begin immediately upon the entry of the interlocutory judgment in the condemnation action. And yet it appears, by the terms of section 13 of the same act, that thirty days are allowed, from the entry of that judgment, for taking an appeal therefrom. It is, we think, an appropriate inference from these provisions, reading them together, that the taking of the appeal is not intended to have the force of a stay of the assessment proceedings. Section 37 of the act declares that the provisions of this act shall be liberally construed to promote the objects thereof.

But appellant contends that this interpretation of the statute is unreasonable because, if the assessment against the property subject to assessment be completed and enforced, she will be deprived of the fruits of her appeal if the interlocutory judgment be reversed and if she shall afterward recover judgment awarding increased compensation and damages. Section 32 of the act provides as follows: "In case of a deficiency in the fund for such improvement, the city council, in its discretion, may provide for such deficiency by an appropriation out of the general fund of the treasury, or by ordering a supplementary assessment to be made by the street superintendent upon the prop-

erty in said assessment district in the same manner and form, and subject to the same procedure as the original assessment, and in the last named case, in order to avoid delay, the city council may advance such deficiency out of the city treasury and reimburse the treasury from the collections under such supplementary assessment. In case of a surplus in the fund for such improvement, the city council may order such surplus refunded *pro rata* to the parties who paid the assessments.''

The provisions of the act are such that a deficiency in the fund cannot be created through failure of the assessment collections to provide the full amount awarded to the defendants in the interlocutory judgment. The contingency of such failure is provided against by section 25 of said act. It is there provided that in case of a delinquent sale for nonpayment of the assessment against any property assessed, each parcel separately assessed must be offered for sale separately and sold to the person who will take the least quantity of land and then and there pay the amount of the assessment, etc. In the absence of such purchaser, it is provided that the property shall be struck off to the municipality as purchaser, and the City Council shall appropriate out of the general fund of the treasury the amount required for such purchase, and shall order the city treasurer to place the same in the special fund for such improvement. Since there is apparently no other way by which a deficiency in the fund could be created, we infer that section 32 was intended to provide for this very contingency of an increased award, in a case where the interlocutory judgment has been set aside and on second trial of the action a larger award has been obtained.

[3] But appellant further contends that this interpretation of the statute is unreasonable because, if by enforcement of the assessment while the appeal is pending she shall be forced to pay the assessment, and particularly if she shall find it necessary to claim the right given her by the statute to offset the amount allowed to her in the present interlocutory judgment as a credit on the assessment, by so doing she will lose her right to further prosecute her appeal. This contention is based upon those decisions which hold that one may not accept the benefit of a judgment and at the

same time maintain an appeal therefrom. But we think that there is an important limitation to the enforcement of this rule against a defendant whose property is being condemned for a public use. Section 1254, Code of Civil Procedure, provides that in such an action, at any time after entry of judgment or pending an appeal therefrom, where the amount awarded has been paid into court for the defendant, he may receive said money, upon filing a receipt therefor, "and an abandonment of all defenses to the action or proceeding, except as to the amount of damages that he may be entitled to in the event that a new trial shall be granted." By this saving clause, the right to prosecute the appeal, so far as increased compensation is concerned, is fully preserved. (*Mt. Shasta Power Corporation* v. *Dennis,* 66 Cal. App. 186, 191 [225 Pac. 877].) We are not aware of anything which prevents the same clause from applying, with like effect, to an action brought under said Street Opening Act of 1903. Section 6 of said act provides directly that such an action shall be governed by the Code of Civil Procedure, where applicable thereto, "except in the particulars otherwise provided in this act."

In the case at bar, it does not appear that Mrs. Young's defense to the condemnation action, or her appeal from the judgment therein, related to any other issues than those pertinent to her claim for compensation. Her protest to the Council and her petition for the writ of review, indicate that her appeal is solely grounded upon claims of error which prevented her from obtaining adequate compensation and damages. It has not been contended herein that said appeal extends beyond that subject. We therefore conclude that the completion of the assessments as ordered by the Council, and even their enforcement in due course while the appeal is pending, would not deprive appellant of the full beneficial results of a successful appeal, supposing that eventually, in the condemnation action, she shall obtain an increased award of compensation for her property, or increased damages. We therefore think that there is no valid objection to our conclusion that by said Street Opening Act it is definitely intended that the Council shall have power to cause the assessments to be made immediately

when the interlocutory judgment has been entered, notwithstanding that there may be an appeal from such judgment.

The judgment of the superior court is affirmed.

Curtis, J., Hahn, J., *pro tem.*, concurred.

A petition by appellant to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on November 27, 1925.