[Civ. No. 9035. Second Appellate District, Division One.—May 19, 1933.]

CALIFORNIA STANDARD FINANCE CORPORATION (a Corporation), Petitioner, v. CORNELIUS COLE, LTD. (a Corporation), et al., Defendants; DORIS KENYON SILLS, Respondent.

Ellis I. Hirschfeld and Samuel W. Blum for Petitioner.

William E. Reiley for Respondent.

HOUSER, J.—On examination of the application to this court for a writ of *supersedeas,* the material facts appear to be that in an action in the superior court, in which the petitioner herein was the plaintiff, one of the defendants therein was awarded a judgment against the plaintiff for costs only expended by the said defendant in the action, which amounted to the sum of $572.55; from which judgment the plaintiff appealed to this court. No undertaking on appeal was filed. Thereafter, at the instance of the said defendant, a writ of execution on said judgment for costs was issued by the clerk of the trial court, which writ was levied on property belonging to the plaintiff. A motion made by the plaintiff in said court to recall and to quash said execution was denied. Thereupon the plaintiff procured from this court its alternative and temporary writ of *supersedeas* to the effect that, until further order of this court, proceedings on the proposed execution of said judgment be stayed.

The precise point at issue is whether, on an appeal by a plaintiff in an action from a judgment rendered against him for costs only, execution on said judgment is automatically stayed until the appeal has been determined.

It is not contended by the respondent either that the appeal from the judgment is ineffective, or that by the terms of any statute of this state the appellant is required to file any undertaking to cover costs expended by the re-

spondent on the trial of the action; but in connection with the question of jurisdiction of this court to order a stay of execution of the judgment, respondent urges the point that, since by implied order of the trial court a writ of execution on the judgment was issued, and which, on motion of the appellant, the trial court refused to recall or to quash, this court is thereby precluded from making any contrary order in the premises. The opposite of such a principle of law is announced in the case of *Dulin* v. *Pacific Wood & C. Co.*, 98 Cal. 304, 306 [33 Pac. 123, 124], where it is said:

" . . . If after such appeal the court below seeks to enforce its judgment, this court will grant a special order or writ restraining its action. The writ itself is directed to the court whose action is sought to be restrained, or to some one of its officers, and is limited to restraining any action upon the judgment appealed from."

The syllabus in the case of *McAneny* v. *Superior Court*, 150 Cal. 6 [87 Pac. 1020], contains a declaration of the law as follows:

"A stay of proceedings upon appeal from the alimony order operates as a *supersedeas*, and deprives the superior court of all power to enforce the order appealed from, either by execution or by proceedings for contempt, or through the appointment of a receiver."

In the case of *Craig* v. *Stansbury*, 37 Cal. App. 668 [174 Pac. 404], it was ruled that pending a decision by the appellate court on appeal from a judgment of the trial court the former court had inherent power, by a writ of *supersedeas*, to vacate an execution sale made after the appeal was perfected and a stay bond given; which is an indication in the instant matter that if no stay bond is required, this court has the power to grant the writ for which the petitioner has prayed. See, also, *Rose* v. *Mesmer*, 131 Cal. 631 [63 Pac. 1010]; *Whitaker* v. *Title Ins. & T. Co.*, 179 Cal. 111 [175 Pac. 460]; *Southern Pac. Co.* v. *Superior Court*, 167 Cal. 250, 252 [139 Pac. 69]; *Holcomb* v. *Juster*, 39 Cal. App. 462 [179 Pac. 445]. It must therefore be concluded that, notwithstanding the refusal by the trial court to recall and to quash the writ of execution of the judgment, this court is not thereby deprived of the right, pending a determination of the appeal, to make such order for the

108

purpose of preserving the *"status quo"* of the parties to the appeal as it may be advised is meet and proper in the premises.

■ Admittedly, the only statute in this state which in terms contains even an intimation that on an appeal of the nature of that here involved an undertaking is required to stay execution of the judgment is section 942 of the Code of Civil Procedure, which, as far as is here pertinent, provides that "if the appeal be from a judgment or order *directing the payment of money,* it does not stay the execution of the judgment or order unless a written undertaking be executed on the part of the appellant", etc. But by numerous decisions by the appellate courts of this state it has been held that such provision has no reference to costs incurred by the prevailing party on the trial of the action. (See *Whitaker* v. *Title Ins. & T. Co.,* 179 Cal. 111, 114 [175 Pac. 460]; *McCallion* v. *Hibernia Sav. & L. Soc.,* 98 Cal. 442 [33 Pac. 329]; and authorities therein respectively cited.) ■ And in the case of *People* v. *Jackson,* 190 Cal. 257 [212 Pac. 4], in effect it is held that where on appeal no bond is required by the statute, the perfecting of the appeal is sufficient to stay execution of the judgment. The same ruling is indicated in *Young* v. *City Council,* 74 Cal. App. 487, 490 [241 Pac. 415].

It follows that, pending a final determination of its appeal, the petitioner herein is entitled to have the temporary writ of *supersedeas* heretofore issued by this court made permanent. It is so ordered, and it is directed that said writ of execution and all proceedings thereunder be recalled and quashed.

Conrey, P. J., and York, J., concurred.

An application by petitioner to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on July 17, 1933.