[Civ. No. 14442. Third Dist. June 10, 1975.]

PARK MOTORS, INC., Plaintiff and Appellant, v.
ROBERT C. COZENS, as Director, etc., et al.,
Defendants and Respondents.

PARK MOTORS, INC. Plaintiff and Appellant, v.
NEW CAR DEALERS POLICY AND APPEALS BOARD,
Defendant and Respondent.

**COUNSEL**

Brown, Wright & Kucera and Harold C. Wright for Plaintiff and Appellant.

Evelle J. Younger, Attorney General, and Frank A. Iwama, Deputy Attorney General, for Defendants and Respondents.

**OPINION**

**THOMPSON, J.\***—The appeal herein is a consolidated appeal wherein plaintiff Park Motors, Inc. (hereinafter "Park"), appeals (1) from a judgment of the Sacramento County Superior Court in case No. 227660 which granted Park's petition for a peremptory writ of mandate directing the New Car Dealer's Policy and.Appeals Board (hereinafter "Board") to set aside and to reconsider, in a manner consistent with the court's findings, the Board's order revoking Park's dealer's license; and (2) from a judgment of the superior court in case No. 243200 which sustained the Board's demurrer, without leave to amend, to Park's petition for an alternative writ of mandate seeking an order directing the Board to rehear and reconsider the Board's order in case No. 227660 by which Park's license was suspended for 30 days and Park was placed on probation for three years.

Park asserts the following contentions on appeal:

1. The evidence is insufficient to support a finding in case No. 227660 that it unlawfully: (a) included as an extra cost to the selling price of vehicles an amount greater than that due the state; (b) tampered with vehicle odometers; (c) allowed a vehicle displaying dealer's special plates to be operated on the highways; (d) reported a false date as the first date of operation of a vehicle in its application for registration of that vehicle.

---

*Retired judge of the superior court sitting under assignment by the Chairman of the Judicial Council.

2. Denial of a fair trial because it was denied the right to confront and cross-examine witnesses.

3. A prejudicial abuse of discretion by the court in the granting of a motion for continuance made on behalf of the Board in case No. 227660.

4. The trial court abused its discretion in sustaining the Board's demurrer in case No. 243200: (a) by ruling that an appeal from case No. 227660 did not automatically stay that judgment; (b) by ruling that Park was not entitled to any more hearings before the Board; (c) by ruling that Park was required to litigate separately allegedly improper Board action regarding a trailer sales license; (d) by acting in the absence of Park at the Board's final hearing; (e) because the penalty imposed by the Board was too severe.

As is evident, Park is a duly licensed automobile dealer engaged in the retail sale of new and used automobiles. In December of 1970 an accusation was filed with the Department of Motor Vehicles (hereinafter "Department"), alleging that Park had violated numerous sections of the Vehicle Code. As prescribed by statute a hearing was had before a hearing officer of the Office of Administrative Procedure upon the charges made against Park. The hearing officer filed a proposed decision, with which the Department disagreed, and the Department elected to decide the case itself upon the transcript of the hearing and written arguments. The Department thereafter entered an order that Park's dealer's license, certificate and special plates be revoked. Park appealed to the Board which, after a hearing, issued its order affirming most of the Department's findings and upholding the revocation.

Park thereafter filed a petition pursuant to section 1094.5 of the Code of Civil Procedure to review the Board's decision and for damages and an alternative writ of mandamus issued. In the ensuing hearing upon the writ the trial court, while finding that some of the findings of the Board were not supported by the evidence and that there were mitigating circumstances as to other charges, nevertheless found that there were remaining substantiated grounds to revoke Park's license or impose other penalties. The trial court granted the writ, ordering the Board either to set aside its decision or to reconsider its order in the light of the findings by the trial court. Park filed a notice of appeal.

The Board then, on November 19, 1973, in compliance with the court's order, reconsidered the case in the light of the court's findings in the

mandamus proceeding and issued its final order in which (1) it revoked Park's license, certificate and special plates, said order to be stayed for a period of three years except for a period of 30 days commencing on November 29, 1973, during which the license, certificate and special plates would be suspended. Certain probationary conditions were also set forth.

On December 26, 1973, Park requested the Board to grant another hearing, which was refused because of the provisions of section 3057 of the Vehicle Code which makes a Board's decision nonreviewable once its final order has issued.

Park then filed a petition for a writ of mandate in case No. 243200 to compel the Board to reconsider its final order of November 19, 1973. The Board's demurrer to the petition was sustained without leave to amend and a judgment of dismissal was entered. Park filed a notice of appeal from the judgment of dismissal.

Returning to Park's claims of error, most of them require little comment. The first ground asserted, insufficiency of the evidence before the trial court to support the Board's factual findings, is without merit. Each finding of the Board as to Park's violations, and as found by the trial court exercising its independent judgment, is adequately supported by the evidence. The test for an appellate court, set forth in *Merrill* v. *Department of Motor Vehicles* (1969) 71 Cal.2d 907, 915 [80 Cal.Rptr. 89, 458 P.2d 33], to wit, "a factual finding can be overturned only if the evidence received by the trial court, including the record of the administrative proceeding, is insufficient as a matter of law to sustain the finding" is fully met. (See *Bixby* v. *Pierno* (1971) 4 Cal.3d 130, 143, fn. 10 [93 Cal.Rptr. 234, 481 P.2d 242].) The trial judge expressly declared that he was exercising an independent review as to the weight of the evidence as to each charge and found some sufficiently substantiated and others not so substantiated.

 Park's second major contention is that it was denied a fair trial in that the Department failed to produce two witnesses, Mr. Hart and Mr. Wright. The affidavits of Mr. Hart and Mr. Wright were properly admitted into evidence, Government Code section 11514 having been fully complied with.[1] Park did not exercise its right to demand the

---

[1]Section 11514 of the Government Code provides: "(a) At any time 10 or more days prior to a hearing or a continued hearing, any party may mail or deliver to the opposing party a copy of any affidavit which he proposes to introduce in evidence, together with a

opportunity to cross-examine said witnesses, and by failing to do so it may not now be heard to complain that it was deprived of any right.

■ Park's third major contention, that the court erred in granting a continuance at the request of the Board, borders on absurdity. The request for a continuance was made upon the ground of unavailability of counsel on the scheduled date, January 8, 1973. The court granted a continuance to February 1. Park asserts that the continuance deprived it of the opportunity to examine a witness, Mr. Hart, who had been subpoenaed for the hearing on January 8 and who would not be available at another date. It was the failure of Park to demand the presence of Mr. Hart when he was served with Hart's affidavit pursuant to Government Code section 11514 that frustrated its having witness Hart available for cross-examination. Additionally, Park could have had the court direct the subpoenaed witness to return on the new trial date. A trial court has wide latitude in the matter of calendar control including the granting or denying of continuances. (*Estate of Kay* (1947) 30 Cal.2d 215, 225-226 [181 P.2d 1]; *Muller* v. *Tanner* (1969) 2 Cal.App.3d 445, 457 [82 Cal.Rptr. 738].)

The court did not abuse its discretion in granting the continuance in this case.

Park's last contention on appeal is that the court abused its discretion in sustaining the Board's demurrer in case No. 243200, said case being a petition by Park for a writ of mandamus to require the Board to conduct a further hearing although a final order had been entered in the original case. ■ Park's attack upon the court's order sustaining the demurrer is multi-faceted, the first assertion being that once it filed its notice of

notice as provided in subdivision (b). Unless the opposing party, within seven days after such mailing or delivery, mails or delivers to the proponent a request to cross-examine an affiant, his right to cross-examine such affiant is waived and the affidavit, if introduced in evidence, shall be given the same effect as if the affiant had testified orally. If an opportunity to cross-examine an affiant is not afforded after request therefor is made as herein provided, the affidavit may be introduced in evidence, but shall be given only the same effect as other hearsay evidence.

"(b) The notice referred to in subdivision (a) shall be substantially in the following form:

"The accompanying affidavit of (here insert name of affiant) will be introduced as evidence at the hearing in (here insert title of proceeding). (Here insert name of affiant) will not be called to testify orally and you will not be entitled to question him unless you notify (here insert name of proponent or his attorney) at (here insert address) that you wish to cross-examine him. To be effective your request must be mailed or delivered to (here insert name of proponent or his attorney) on or before (here insert a date seven days after the date of mailing or delivering the affidavit to the opposing party)."

appeal in case No. 227660 all proceedings were automatically stayed pending appeal and further asserting that the filing of the new action is justified because the seeking of a new hearing "is an indispens*i*ble [*sic*] step in [plaintiff's] exhaustion of administrative remedies."

To review the facts briefly, on October 24, 1973, the trial court filed its judgment granting a peremptory writ of mandamus, remanding the case to the Board for reconsideration in light of the court's findings and conclusions, a decision granting relief to Park, in part. The Board thereupon, in strict compliance with the trial court's order, issued its decision and final order on November 19, 1973. The trial court had on August 6, 1973, dissolved its previous stay order and at no time did Park seek a further stay order from the trial court.

Park relies upon the case of *Johnston* v. *Jones* (1925) 74 Cal.App. 272 [239 P. 862], for the proposition that the filing of an appeal automatically stays the execution of a writ of mandate. The case is wholly inapplicable to this case. It is a case involving an attachment suit and was decided long before the enactment of section 1094.5 of the Code of Civil Procedure, which was enacted specifically to establish both trial and, in part, appellate procedures for the type of administrative writ here involved. It places the discretion in the trial court to grant or deny a stay of judgment until such time as a notice of appeal is filed (which in this case would have been Dec. 23, 1973) and in the appellate court if an appeal is taken. 5 Witkin, California Procedure (2d ed. 1971) section 242, page 3991: "The agency's order or decision *is not stayed* except on order of the appellate court." Park did not petition either court for such a stay but rather sought another review of its case by petitioning for a writ of mandate to compel such a review.

A further contention of Park as to action No. 243200 is that the court abused its discretion in denying it a further hearing before the Board. We are at a loss to see why Park should be granted a further hearing. Its case had been heard by the Department, a hearing officer, the Appeals Board and by the court. In the later action (case No. 243200) Park expresses its concern that unless it be permitted to have another hearing before the Board it will be adjudged that it had not exhausted its administrative remedies. Yet in its findings of facts in the first mandamus action the court had specifically found that Park had exhausted its administrative remedies and Park has appealed that judgment.

In ruling upon the demurrer in action No. 243200 the trial court noted an inconsistency, and to us it seems a fatal one, that Park on the

one hand was appealing an order of the Appeals Board and on the other hand was seeking a review by the Board of the very order it was appealing. Parallel remedies proceeding at the same time should not be sanctioned.

■ Apart from these inconsistencies it is clear that if any rehashing of Park's case before the Board were possible by seeking a further review, its request for such review was not timely. Park did not file its request for a hearing until December 26, 1973, more than 30 days after the order of the Board had become final and more than 30 days after it had been served with a copy of the Board's order. Section 3057 of the Vehicle Code provides in pertinent part: ". . . A final order of the board shall be in writing and copies thereof shall be delivered to the parties personally or sent them by registered mail. The order shall be final upon its delivery or mailing and no reconsideration or rehearing shall be permitted."

In any event we do not see what a hearing could accomplish, the court having directed the Board in the manner it was to proceed. The language in *Hohreiter* v. *Garrison* (1947) 81 Cal.App.2d 384 at page 402 [184 P.2d 323], seems to fit this case, the court stating: "Thus, the ultimate power of decision rests with the trial court. That court decided this case upon the full record, including the transcript of proceedings had before the hearing officer, and in so doing, according to its express findings, exercised an 'independent judgment' on the facts. Due process contemplated that somewhere along the line a fair trial be had—not that there be two or three fair trials. In any event, therefore, appellant having had a fair and impartial trial before a superior court, is in no position to contend that he has not been afforded due process." (See also *International Union etc. Engineers* v. *Fair Emp. Practice Com.* (1969) 276 Cal.App.2d 504, 515 [81 Cal.Rptr. 47].)

In its closing brief Park for the first time asserts that the Department wrongfully included a suspension of its trailer sales license along with the other licenses suspended. The trial court found a ready and proper answer to this assertion by stating that such a matter should be the subject of separate litigation. It was clearly the opinion of the trial court, and a proper one, that Park had an adequate remedy at law with respect to the alleged wrongful taking of its trailer sales license.

Likewise in its closing brief Park urges for the first time that it was denied due process because it was not given notice of the Board's

November 14th meeting and was not present at the meeting. The argument is without merit. As we have previously noted, the trial court by its order circumscribed the matters which the Board could consider and any appearance by Park before the Board would be of no consequence.

■ Park's last argument is the ultimate in "straw-clutching." It asserts that a 30-day suspension of its licenses, etc., and a 3-year probationary period were so harsh as to be discriminatory. The record discloses that some 85 violations of the Vehicle Code had been committed by Park in the conduct of its business. To us the penalty seems most lenient and well within the Department's and the Board's discretion. (*Merrill* v. *Department of Motor Vehicles, supra,* 71 Cal.2d at p. 918.)

The judgments in case No. 227660 and case No. 243200 are affirmed.

Friedman, Acting P. J., and Regan, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied August 6, 1975.