### Ely *against* Peck.

The state courts have no jurisdiction of su ts arising on the penal law* of the *United States ;* nor can such jurisdiction  be conferred upon them, by an act of Congress.

Therefore, an action by the owner of  a vessel, against a seaman, on the act of Congress for the government and regulation of seamen  in the  meachants' service, to recover the penalty inflicted by that act for  desertion, cannot be sustained in the courts of this state.

*New-London,*
July, 1828.

*Ely*
*v.*
*Peck.*

The mate of a vessel is not " a seaman or mariner" within the act of Congress for the government and regulation of seamen in the merchants' service, nor subject to the penalties inflicted by that act for desertion.

A declaration, in shipping articles, of a voyage from *New-London to Oporto and elsewhere,* means a voyage from *New-London* to *Oporto ;* and the word *elsewhere* is to be rejected as being void for uncertainty.

THIS was an action brought on a statute law of the *United States,* entitled " an act for the government and regulation of seamen in the merchants' service," to recover the damages, which the plaintiff, as owner of the schooner *Defiance,* had sustained, by the desertion of the defendant. The declaration, after reciting a part of the 5th section of the act referred to, stated, That on the 1st of *June,* 1825, the plaintiff hired of the owners the schooner *Defiance,* for a voyage from *New-London* to *Oporto* in *Portugal* and elsewhere, by virtue of a contract of charter-party executed by them and himself ; and under such contract, he took possession of her, and had her in his sole possession and under his sole command, until the 18th of *May,* 1826, when the voyage ended : That the plaintiff, by the terms of the hiring, was to use, man and victual the schooner, at his own expense, and allow the owners one half of her earnings, and retain the other half to himself : That in the month of *July,* 1825, the plaintiff, being thus the charterer, and about to be the master, for the voyage above specified, entered in a contract with the defendant as mate, and with others as crew, on board this vessel ; and the plaintiff, as master, and the defendant, as mate, signed the *shipping articles,* printed in the usual form, by which the defendant agreed to perform said voyage from *New-London* to *Oporto* and elsewhere, as mate of said vessel for said voyage, for which services, instead of monthly wages, the defendant was to receive one fourth part of the freight earned in the voyage : That on the 1st of *August,* 1825, the plaintiff and defendant sailed in said vessel, from *New-London,* on said voyage, and under said contract, and proceeded to *Oporto,* and thence to *Liverpool* in *England ;* and while at *Liverpool,* while she was preparing to proceed to *St. Michael's,* one of the *Western Isles,* the defendant absented himself from said schooner, and deserted therefrom, and ever afterwards continued absent, and neglected and refused to do duty on board ; in consequence of which, the schooner was detained at *Liverpool* until the plaintiff could procure another mate to perform the voyage : That the plaintiff, after-

wards, at great trouble and expense, procured another mate, in the room of the defendant, and then proceeded to *St. Michael's* and back to *Liverpool,* and again from *Liverpool* to *St. Michael's,* and thence to *New-York,* where the voyage terminated.

*New-London,*
*July, 1828.*

Ely
*v.*
Peck.

To this declaration the defendant demurred ; and the case, by agreement of parties, was reserved for the advice of this Court.

*Waite* and *Rockwell,* in support of the demurrer, contended, 1. That the state courts have no jurisdiction of suits brought on the penal laws of the *United States ;* and the law of Congress giving them such jurisdiction, is unconstitutional. *United States* v. *Lathrop,* 17 *Johns. Rep.* 4. 261. *Martin* v. *Hunter's Lessee,* 1 *Wheat* 330. 337. The terms of the 3rd article of the constitution of the *United States,* vest the *whole* power in the *United States'* courts. The state courts are not the " inferior courts" referred to in the constitution. Congress does not *constitute* these courts ; nor *ordain and establish* them. The judges cannot be *impeached* before the senate of the *United States.* They receive no compensation from the *United States* for their services. The courts of one sovereignty will not take cognizance of, nor enforce the penal laws of another. *Scoville* v. *Canfield,* 14 *Johns. Rep.* 338.

2. That the plaintiff was not " the *owner* of the vessel," within the meaning of the act of Congress ; and cannot, therefore, maintain this action in *any* court. But if the plaintiff, as charterer, was owner for the voyage, he was not *sole* owner ; for it appears from the declaration, that he was to allow the owners one half of her earnings, and retain the other half himself. It follows, that all the owners must join.

3. That the defendant is not so described as to bring him within the act of Congress, and subject him to this action. He is described as " mate ;" and the term " seaman" or " mariner," is not applicable to the mate or other officers of the ship.

4. That the description of the voyage in the contract " from *New-London* to *Oporto and elsewhere,*" is so uncertain and vague, that the contract cannot be enforced. *Brown* v. *Jones* & al. 2 *Gallis.* 477. 1 *Hall's Am. L. J.* 207.

5. That the contract had been performed, when the defendant left the vessel, as he had been to *Oporto* and *elsewhere, viz* to *Liverpool.*

New-London,   *Law* and *Brainard*, contra, insisted, 1.   That the superior
July, 1828.   court had jurisdiction.   *The Post-Master-General* v. *Early* &
al. 12 *Wheat.* 136.

Ely
*v.*      2. That the plaintiff was owner for the voyage.   *Pitkin* v.
Peck.     *Brainard* & al. 5 *Conn. Rep.* 456.

3. That the defendant was "a seaman or mariner."

4. That the voyage was sufficiently defined to bind the defendant to his contract.

PETERS, J.   The declaration presents three questions.   1. Was the defendant a "seaman or mariner" within the purview of the statute ?   2. Does the agreement made by the plaintiff with the defendant sufficiently declare the voyage and time for which he was shipped ?   3. Are the facts alleged cognizable by any court of this state ?

1. The act of Congress speaks of two classes of persons belonging to vessels, *viz.* officers and crew.   Officers are the master and mate   Mate is the first officer under the master, and is thus defined by *Walker :* " The second in subordination, as the master's mate "   The crew are styled " seamen or mariners."   *Laws U. S. vol.* 1. *p.* 134.   As the defendant contracted as mate, and signed the shipping articles as mate, he was not a seaman or mariner within the statute, nor subject to its penalties.

2. But, admitting the defendant was a mariner, the statute required the master, before he proceeded on his voyage, to make an agreement in writing with such mariner, declaring the voyage and time for which he shipped.   But this voyage was from *New-London* to *Oporto* and *elsewhere*, without limitation of place or time.   "A voyage from *New-York* to *Curacoa* and *elsewhere*," says Chancellor *Kent*, " means, in shipping articles, a voyage from *New-York* to *Curacoa*, and the word *elsewhere*, is rejected, as being void for uncertainty."   3 *Kent's Com.* 143.   1 *Hall's Am. L. J.* 209.

3. The constitution declares, that " the judicial power of the *United States* shall be vested in one supreme court, and in such inferior courts as the Congress may, from time to time, ordain and establish."   *Art.* 3. *sect.* 1.   And the judicial power shall extend to all cases, in law and equity, arising under the constitution and laws of the *United States*.   *Art.* 3. *sect.* 2.   This case arises under a law of the *United States ;* and is brought to recover a penalty incurred by the defendant, for a violation of

the 5th section of an act for the government and regulation of *New-London*, seamen in the merchants' service. *Vol.* 1. *p.* 134. This penalty is given to the plaintiff as owner; and he is authorized to recover the same, before any court, or any justice or justices having jurisdiction for the recovery of debts to the value of ten dollars. By these are understood state courts, and state justices. This presents the important question, Can Congress vest any part of the judicial power of the *United States* in a state court? This question has been answered, by the supreme court of the *United States*, in *Martin* v. *Hunter's Lessee*, 1 *Wheat.* 304. 330. Congress cannot vest any portion of the judicial power of the *United States*, except in a court ordained and established by itself; and no part of the criminal jurisdiction of the *United States* can, consistently with the constitution, be delegated to state tribunals. The reason of this is obvious. The state courts are not ordained nor established by Congress, and are not amenable to that body. The judiciary of a state is a constituent part of another and an independent sovereignty, from which they receive their authority and support; whose laws they are bound to execute. But they are under no such obligations to the *United States*, whose laws they are bound to obey as citizens, but not to execute as magistrates. This point has been repeatedly decided, by state tribunals. Thus, in *Scoville* v. *Canfield*, 14 *Johns. Rep.* 338. the supreme court of *New-York* decided, that they would not enforce a penal statute of *Connecticut*, on the broad principle, that the courts of one state will not enforce the penal laws of another. So in an action of debt, brought by the *United States*, in the same court, to recover a penalty incurred under the act of Congress for laying a duty on licenses to retailers of wine, &c., passed *August* 2nd, 1812, on a plea to the jurisdiction, *Spencer*, Ch. J., in delivering the opinion of the court, said: " The plea can only be supported, on the ground, that by the constitution of the *United States*, no state court can take cognizance of any writ in behalf of the *United States*, for penalties or forfeitures." " It cannot be doubted, that a pecuniary penalty for a violation of, or non-conformity to an act of Congress, is as much a punishment for an offence against the laws, as if a corporal penalty had been inflicted; and as regards crimes and offences, made so by legislative enactment, the government of the *United States* stands in the same relation to the state governments, as any foreign government; and it is a fundament-

*New-London,*
July, 1828.

Ely
*v.*
Peck.

*New-London,*
July, 1828.

Ely
*v.*
Peck.

al maxim, that the courts of one sovereignty will not take cognizance of, nor enforce the penal code of another." *The United States* v. *Lathrop,* 17 *Johns. Rep.* 4. 9. See also the authorities cited in that case.

For these reasons, I am of opinion, that the declaration is insufficient, and advise the superior court to render judgment for the defendant.

The other Judges were of the same opinion, except BRAINARD, J., who was absent.

Declaration insufficient.

