[Civ. No. 2530.   Third Appellate District.—September 5, 1922.]

THE PEOPLE, Respondent, v. G. PIAZZA, Appellant.

[1] RED-LIGHT ABATEMENT ACT—APPEAL—STAY OF EXECUTION—EFFECT OF CODE AMENDMENT OF 1921.—Under section 949 of the Code of Civil Procedure, as amended in 1921, the perfecting of an appeal from a judgment in an action instituted under the Red-light Abatement Act does not stay execution on the judgment in so far as it adjudges the closing of the building.

APPLICATION for a Writ of Supersedeas. Denied.

The facts are stated in the opinion of the court.

Walter F. Lynch for Petitioner.

R. C. Pardoe and Edward Van Vranken for Respondent.

FINCH, P. J.—This action was instituted under the "Redlight Abatement Act" (Stats. 1913, p. 20). The judgment rendered in the action declares a certain two-story building owned by defendant Piazza "to be a building where lewdness, assignation and prostitution was, at the time of the filing of the complaint herein, carried on, and was then and there a public nuisance," and, further, orders that the sheriff "be, and he is hereby authorized and directed forthwith to remove all occupants from said building and to remove all personal property therefrom and to keep said building closed for a period of one (1) year, or until released as provided by law." From this judgment Piazza appealed. He thereupon filed his petition herein for a writ of *supersedeas*, alleging that the trial court "refused to stay execution on said judgment, upon the ground of want of jurisdiction so to do," and that "unless a writ of *supersedeas* is granted staying execution on said judgment until the final determination of said appeal, petitioner will lose the sum of two hundred ($200.00) dollars per month in rental for said premises until the final determination of said appeal." It is not contended that the appeal operates as a stay, but that this court has inherent power to issue the writ prayed for. In the case of *People* v. *Laine*, 177 Cal. 742 [171 Pac. 941], decided March 19, 1918, it was held that, under the provisions of section 949 of the Code of Civil Procedure, the part of the judgment therein which was similar to that under consideration here was "stayed by operation of the appeal." In 1921 section 949 was amended, by adding the exception herein italicized, to read as follows:

"Stay of proceedings on perfecting appeal. *Exception when building declared nuisance.* In cases not provided for in sections nine hundred forty-two, nine hundred forty-three, nine hundred forty-four and nine hundred forty-five,

the perfecting of an appeal by giving the undertaking or making the deposit mentioned in section nine hundred forty-one, stays proceedings in the court below upon the judgment or order appealed from, except where it directs the sale of perishable property; in which case the court below may order the property to be sold and the proceeds thereof to be deposited, to abide the judgment of the appellate court; and except, also, where it adjudges the defendant guilty of usurping, or intruding into, or unlawfully holding a public office, civil or military, within this state, and, except, also, where the order grants, or refuses to grant, a change of the place of trial of an action; and except also where it orders a corporation or its officers or agents, or any of them, to give to a person adjudged to be a director, stockholder or member of such corporation a reasonable opportunity to inspect or take copies of such books, papers or documents of the corporation as the court finds that such director, stockholder or member is entitled by law to inspect or copy; *and except, also, where it adjudges a building or place to be a nuisance and as a part of the judgment in the case orders and directs the closing of the building or place against its use for any purpose for any period of time.''* (Stats. 1921, p. 95.)

[1] This amendment was probably intended to, and in fact does, change the rule as announced in *People* v. *Laine, supra.* Notwithstanding the amendment, however, petitioner contends that this court has inherent power to grant the stay applied for, citing *Rogers* v. *Superior Court,* 158 Cal. 467 [111 Pac. 357], *Southern Pac. Co.* v. *Superior Court,* 167 Cal. 250 [139 Pac. 69], *Halsted* v. *First Sav. Bank,* 173 Cal. 605 [160 Pac. 1075], and *Reed Orchard Co.* v. *Superior Court,* 19 Cal. App. 648 [128 Pac. 9, 18]. It is not necessary to decide whether the court has such power. If petitioner's contention be conceded, the issuance or denial of the writ is discretionary. Since the legislature has provided that the appeal shall not operate as a stay, the writ should issue, if at all, only in exceptional cases. The grounds on which the writ is prayed for here would exist in every case where a building is ordered to be closed, and, hence, to grant the writ would be to nullify the statute. Without passing on the merits of the appeal, it may be said that

an examination of the record discloses nothing to influence the court's discretion in favor of the issuance of the writ.

The order to show cause is discharged and the writ prayed for is denied.

Burnett, J., and Hart, J., concurred.