[L. A. No. 7086. In Bank.—October 24, 1922.]

W. C. CARSE, Petitioner, v. SPENCER M. MARSH, Judge of the Superior Court of the State of California in and for the County of San Diego, Respondent.

[1] INTOXICATING LIQUORS—VOLSTEAD ACT—ABATEMENT OF NUISANCE —JURISDICTION OF SUPERIOR COURT.—Under the provisions of the Volstead Act declaring a place wherein intoxicating liquor is manufactured, sold, kept or bartered to be a common nuisance and providing that an action to abate the same may be begun by any prosecutor of any state or subdivision thereof in any court having jurisdiction in equity, and in view of the state constitutional provision giving the superior court jurisdiction in equity, such court has jurisdiction to abate any such nuisance existing in the county.

APPLICATION for a Writ of Prohibition to restrain a contempt proceeding. Denied.

The facts are stated in the opinion of the court.

A. J. Morganstern for Petitioner.

H. S. Utley and J. D. Malcolm for Respondent.

SHAW, C. J.—This is an application for a writ of prohibition to restrain the superior court of the county of San Diego from proceeding to punish the applicant herein for contempt, said contempt consisting in his alleged violation of the terms of an injunction issued in a cause then pending in said court.

The action wherein the order was issued, which the applicant is charged with having violated, was entitled United States, plaintiff, v. W. C. Carse, defendant, and was brought under the provisions of the act of Congress commonly known as the Volstead Act (41 Stats. 305, Fed. Stats. Ann. (1919 Supp.), p. 197, U. S. Comp. Stats. (1919 Supp.), p. 2678). The object of the action was to have it declared that said applicant was maintaining a "public and common nuisance," and of having such nuisance abated, and of procuring an injunction preventing said applicant from further maintaining the same. That act declares that a place where in-

toxicating liquor is manufactured, sold, kept or bartered is a "common nuisance" and provides that "an action to enjoin any nuisance defined in this title may be brought in the name of the United States by the Attorney General of the United States or by any United States attorney or any prosecuting attorney of any state or any subdivision thereof. . . . Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases." The section also provides for the issuance of restraining orders in actions commenced pursuant to its terms. The sole contention of the applicant is that the superior court of the county of San Diego has no jurisdiction to entertain said action, and hence no jurisdiction to make or enforce said order.

The eighteenth amendment, adopted by the people of the United States in the year 1919, provides that "the manufacture, sale or transportation of intoxicating liquors within, the importation thereof into, or the exportation thereof from the United States and all territory subject to the jurisdiction thereof, for beverage purposes is hereby prohibited." The second section of that amendment provides that "the Congress and the several states shall have concurrent power to enforce this article by appropriate legislation."

[1] We think there is no doubt of the jurisdiction of the court to entertain the action. The constitution of this state gives the superior court jurisdiction of actions to prevent or abate a nuisance. The statutes of the United States enacted for the purpose of enforcing said amendment to the constitution of the United States declares that a place wherein intoxicating liquor is manufactured, sold, kept or bartered is a common nuisance and that an action to abate the same may be begun by any prosecutor of any state or subdivision thereof in any court having jurisdiction in equity. The superior court of this state by the constitution of this state is given jurisdiction in equity, and hence it has jurisdiction by that provision. Such being the case, it cannot be disputed that the superior court of the county of San Diego had jurisdiction within the county to abate any nuisance existing within that county whether it is declared to be a nuisance by an act of Congress or by the state legislature, or whether it is of such a character as

would be a nuisance by common law. It matters not what power declares the thing to be a nuisance, providing it is done by somebody having authority to act. Undoubtedly Congress has power under the eighteenth amendment to declare any place wherein intoxicating liquor is manufactured, kept, sold or bartered to be a common nuisance. The court has such jurisdiction to abate it, regardless of the authority which declares it to be a common nuisance. In the case of *Missouri* v. *Illinois*, 180 U. S. 244 [45 L. Ed. 497, 21 Sup. Ct. Rep. 345, see, also, Rose's U. S. Notes], in replying to the claim that resort to a court of equity was unnecessary, the court said: "The defendant contends that the law furnishes a plain, adequate and complete remedy for this nuisance by an indictment or by proceedings under the statutes for the abatement of a nuisance by the board of health. Neither of these remedies can be invoked until a part of the mischief is done, and they could not, in the nature of things, restore the pond, the land and the underground currents to the same condition in which they now are. In other words, they could not remedy the whole mischief. The preventive force of a decree in equity, restraining the illegal acts before any mischief is done, gives clearly a more efficacious and complete remedy."

In *Stead* v. *Fortner*, 255 Ill. 468 [99 N. E. 680], the court said on this subject: "There are a number of states where jurisdiction is expressly conferred upon courts of equity, *but a statute is not necessary to enable such courts to exercise a jurisdiction of ancient origin* and which has always existed without any statute. . . . If there is a statute of that kind it is no more than a legislative declaration of an existing jurisdiction. It would require a statute to destroy such a jurisdiction."

An action in all respects similar to this was involved in the Employers' Liability Cases, 223 U. S. 1, 56 [38 L. R. A. (N. S.) 44, 56 L. Ed. 327, 32 Sup. Ct. Rep. 169, see, also, Rose's U. S. Notes]. In that case the right of a state court having general jurisdiction to entertain an action for the recovery of damages for personal injuries under the federal disability law relating to interstate commerce was directly involved. It was held that civil rights established by federal legislation in the exercise of its jurisdiction, directed to a case wherein interstate commerce was involved and

upon which the states had no power to legislate, were cognizable in the state courts, provided they had the jurisdiction of such cases by local law. The court held that the provision in the statute giving the states authority to enforce that law was unnecessary, as they had the right and authority regardless of the act of Congress especially giving it to them.

The right of the district attorney to proceed in the name of the United States is given by the Volstead Act. There can be no doubt of the right of the United States to avail itself of the law officers of the state for the purpose of enforcing the act of Congress, consequently the case is properly brought in the name of the United States.

Our conclusion is that the court had jurisdiction in the case and that it could proceed to judgment, declaring the place maintained by the applicant to be a common nuisance and proceed to abate the same either by the means provided in the act or by any other means which it sees fit in the exercise of its jurisdiction in equity to adopt for that purpose.

The writ of prohibition is denied.

Wilbur, J., Waste, J., Shurtleff, J., Sloane, J., Lennon, J., and Lawlor, J., concurred.