United States of America, Plaintiff, *v.* Joel Sumner and Another, Defendants.

Supreme Court, Steuben County, September 26, 1925.

Intoxicating liquors — action under National Prohibition Act, § 22, for injunction to close building used for unlawful sale of liquors — motion to vacate temporary injunction — State courts have jurisdiction of action — motion denied.

The State courts have jurisdiction of an action brought under section 22 of the National Prohibition Act for an injunction to close a building in which intoxicating liquors are being unlawfully kept or sold and a temporary injunction granted pending the action will not be vacated.

Our courts are given jurisdiction by section 22 of the National Prohibition Act of such an action, and, furthermore, it would seem that proceedings may be instituted under our laws to abate the nuisance.

MOTION to vacate temporary injunction granted under section 22 of the National Prohibition Act.

*Guy W. Cheney, District Attorney,* for the plaintiff.

*Virgil W. Tupper,* for the defendants.

THOMPSON, J.:

Defendants challenge the authority of the district attorney to bring this action and the power of the court to take cognizance of it, upon the ground that the State having expressly refused to pass legislation providing for the enforcement of the National Prohibition Act (41 U. S. Stat. at Large, 305) by its officers or in its courts, such power and authority is thereby impliedly denied them. This is an erroneous and vicious conception. The National Prohibition Act is the supreme law of the land, and neither the State, its citizens or its courts can override it. The State derives all of its powers from the Federal Constitution. The United States of America does not take its power or authority in any respect from the Constitution or the laws of any State. The State of New York cannot refuse the process of its courts for the prosecution of actions authorized by the Volstead Act, and it cannot forbid its officers exercising the powers or performing the duties conferred and imposed by such law; nor has it attempted to do so. (*Second Employers' Liability Cases,* 223 U. S. 1, 57, 58; 15 C. J. 1155.)

Moreover the Volstead Act contains express authority for the bringing of this action by the district attorney in this court, and in the manner in which it has been brought; and the State cannot nullify such provision. (National Prohibition Act, § 22; 41 U. S. Stat. at Large, 314.)

It is fundamental that illegal traffic in intoxicating liquor is a public nuisance *per se.* (*City of Shreveport* v. *Maroun,* 134 La. 490; 18 C. J. 1234, 1236, 1245.)

The Volstead Act of its own force constitutes any place in the State of New York where intoxicating liquor is illegally sold a common nuisance. (National Prohibition Act, § 21; 41 U. S. Stat. at Large, 314; 33 C. J. 692.)

In such respect the act is more binding upon the State than is its own laws, because, while the State may amend or repeal its laws, it can in no case amend or repeal the Federal law. (*Carse* v. *Marsh,* 189 Cal. 743; 210 Pac. 257.)

The " place " of a nuisance under the Prohibition Law may be any room, house, building, boat, vehicle, structure or any other

place where intoxicating liquor is manufactured, sold, kept or bartered in violation of the law. (National Prohibition Act, § 21.)

One who rents his house with the knowledge that it will be used for such purpose or who permits the use of the house for such purposes is equally guilty. (Penal Law, §§ 27, 1533, subd. 1; *People* v. *Erwin,* 4 Den. 129.)

The laws of the State of New York also provide adequate remedy for the investigation and criminal prosecution of places and persons found occupied in the business of selling intoxicating liquors in violation of the Volstead Act. Such a place is a public nuisance, and a person maintaining it is guilty of a misdemeanor under the provisions of our Penal Law. Courts may also direct the abatement of the nuisance with costs to be paid by the defendant. (Penal Law, § 1530; Code Crim. Proc. § 953; U. S. Crim. Code, § 326.)

These sections afford ample authority for the peace officers of the State and its subdivision, the district attorney, the sheriff and the grand jury to investigate places of this character, and to indict and to bring to trial persons responsible therefor. So a district attorney, by virtue of his office and of the authority with which he is clothed, may employ detectives in such cases to make investigations that the offenders may be brought to justice. The expenses attendant thereon are a proper county charge. (County Law, § 240, subd. 2; *People ex rel. Watts* v. *Board of Supervisors,* 170 App. Div. 334.)

The motion to dissolve the injunction is denied and it is continued until the end of the trial.