[L. A. No. 9992. In Bank.—August 16, 1927.]

UNITED STATES OF AMERICA, etc., Respondent, v. GUS A. BERG et al., Appellants.

[1] APPEAL — STAY OF EXECUTION — SECTION 949, CODE OF CIVIL PROCEDURE—JUDGMENT ABATING NUISANCE.—Under section 949 of the Code of Civil Procedure, as amended (Stats. 1921, p. 95), the perfecting of an appeal by the giving of an undertaking or making a deposit does not operate, as in ordinary cases, to stay proceedings where the judgment adjudges a building or place to be a nuisance, and, as a part of the judgment, orders the closing of the building against its use for any purpose for any period of time.

[2] ID.—SUPERSEDEAS—POWER OF SUPREME COURT.—While the supreme court has power under the constitution to issue a writ of *supersedeas* whenever it is necessary to protect the rights of the parties on appeal, and cannot be deprived of that power by legislative enactment, the matter of appeal is clearly one of statutory regulation, and the legislature has authority to impose any condition or restriction on the granting of a stay of execution.

[3] ID. — WRIGHT ACT — VOLSTEAD ACT — PROCEDURE. — The state of California, in adopting the Wright Act (Stats. 1921, p. 79), did not adopt the procedural features of the Volstead Act, and the authority for the procedure in actions in the courts of this state

---

1. Suspension of injunction pending appeal, notes, 1 L. R. A. (N. S.) 555; 38 L. R. A. (N. S.) 436. See, also, 2 Cal. Jur. 433, 438; 2 R. C. L. 122.

2. Implied power of courts to issue *supersedeas*, note, 67 Am. St. Rep. 714. See, also, 2 Cal. Jur. 462; 2 R. C. L. 123.

3. See 14 Cal. Jur. 720.

for the abatement of premises in which violations of the prohibition law are committed must be found in the laws of this state, whether the proceedings are brought in the name of the United States or in the name of the People of the state of California, as authorized by the Volstead Act.

[4] ID. — AMENDMENT OF SECTION 949, CODE OF CIVIL PROCEDURE — LEGISLATIVE INTENT.—The legislature in amending section 949 of the Code of Civil Procedure (Stats. 1921, p. 95), has indicated as its opinion that there should be no stay of an action to abate a nuisance where the judgment ordered the closing of the building for any period of time, and the court having jurisdiction of the appeal ought to be careful not to nullify the statute.

---

(1) 3 C. J., p. 1273, n. 59.    (2) 3 C. J., p. 1274, n. 64.    (3) 33 C. J., p. 692, n. 70.

APPLICATION for a Writ of Supersedeas to stay execution pending appeal from a judgment of the Superior Court of Ventura County declaring a building a nuisance and ordering it closed. Edward Henderson, Judge. Writ denied.

The facts are stated in the opinion of the court.

Clarke & Bowker and Sheridan, Orr, Drapeau & Gardner for Appellants.

James C. Hollingsworth, District Attorney, and Don R. Holt, Deputy District Attorney, for Respondent.

WASTE, C. J.—Certain of the defendants in this proceeding have appealed from the judgment of the superior court closing the Ventura Hotel, in the city of Ventura, for four months, under the provisions of the National Prohibition Act. [1] Section 949 of the Code of Civil Procedure providing for the stay of proceedings in the court below upon the judgment or order appealed from, as amended, declares that the perfecting of an appeal by the giving of an undertaking or making a deposit does not operate, as in ordinary cases, to stay proceedings, where the judgment adjudges a building or place to be a nuisance, and, as a part of the judgment, orders and directs the closing of the building or

4. See 2 Cal. Jur. 441.

place against its use for any purpose for any period of time. (Stats. 1921, p. 95.) A stay having been granted by the trial court for only a short time, the appellants have applied to this court for a writ of *supersedeas* staying the execution of the judgment pending the determination of the appeal. The respondent submits the matter on a general demurrer to the petition.

From the allegations of the petition it appears that the building ordered closed by the judgment of the lower court is the largest and most prominent hotel in the city of Ventura. It was opened for business on the thirtieth day of May, 1926, and, from the findings, and from the oral statement made by the trial judge at the time of the rendition of the judgment, we may conclude that the management at all times consistently disregarded the provisions of the Prohibition Act. The complaint was filed January 7, 1927, and the court found that on certain dates during December, and for a long time prior thereto during the year 1926 and thereafter, the parties conducting and owning the hotel kept and sold, and were, at the time the abatement proceedings were instituted, keeping and selling intoxicating liquors on the premises. In a brief review of the evidence, prior to pronouncing the judgment declaring the hotel a nuisance and ordering it closed for a time, the trial court said that the place had "had a bad reputation with relation to the sale of intoxicating liquor from May until December, and" that "if as much interest had been taken in that hotel before this action was brought as there was after it was brought, there would not have been any necessity for the action at all, because anyone who lives in this community can appreciate what the general reputation of that hotel was. So far as the . . . Court is concerned, it feels that those who were in it were very lax indeed in their duties as landlords, or as those interested in the building." The court further stated that it had been fully determined to close the hotel for the period of time prescribed by law, but, "as there appeared to have been an honest endeavor to comply with the law since the institution of the abatement proceedings," it would order the premises closed for a shorter period of time.

Because of the fact, alleged in the petition, and commented upon by the trial court (*supra*), that, coincident

with the filing of the complaint, a complete change of management was made, since which time there have been no violations of the Prohibition Act in connection with the maintenance of the hotel, it is argued that it is not necessary that the place be kept closed pending the appeal, the purpose of the abatement proceeding having been indirectly accomplished. The trial court, in possession of all the facts, used its discretion in fixing the time during which the hotel should be kept closed and in passing upon the application for a stay of execution. The question for this court to determine is whether, with essentially the same facts before it, it should, in the exercise of its appellate jurisdiction, issue a writ of *supersedeas,* which does not issue of right but only when, in the judgment of the court, it is necessary to protect the rights of the parties on appeal. [2] While the supreme court has power under the constitution to issue a writ of *supersedeas* whenever it is necessary for such purpose, and cannot be deprived of that power by legislative enactment, the matter of appeal is purely one of statutory regulation, and the legislature has authority to impose any condition or restriction on the granting of a stay of execution. (*Foster* v. *Superior Court,* 115 Cal. 279 [47 Pac. 58] ; *Ex parte Queirolo,* 119 Cal. 635 [51 Pac. 956].)

In making the application for the writ of *supersedeas,* appellants are apparently anticipating the main contention they will advance in support of their appeal from the judgment. They contend that the abatement provision of the Volstead Act (incorporated in the law of this state by adoption of the Wright Act) is valid only in so far as it tends to abate a nuisance, and that if it be construed as warranting punishment or forfeiture of property as a penalty, it is open to grave constitutional objections, citing *Schlieder* v. *United States,* 11 Fed. (2d) 345, 348; *United States* v. *Chesebrough Mfg. Co.,* 11 Fed. (2d) 537; *United States* v. *Pepe,* 12 Fed. (2d) 985; *Key* v. *State,* 101 Okl. 211 [224 Pac. 549]. The point they seek to make is that, as the nuisance caused by the sale of intoxicating liquor in the hotel has already been abated, the court is deprived of jurisdiction to enter a decree of abatement. While some of the federal courts, other than the supreme court of the United States, in the cases cited by petitioners (*supra*), lend color to the contention, they appear to have placed too little emphasis upon the fact that the

proceeding for the abatement of a nuisance under the prohibition law is more than a mere equitable proceeding in the ordinary sense. It is a most important phase of the enforcement of the prohibition law, made so by the act itself. (41 U. S. Stats. at Large, 305.) In this case, the proceeding was instituted against the keeper of the hotel and the corporation owning the building in which the hotel was conducted. The individual and the corporation appear to have been essentially identical. The judgment runs against both. There does not appear to have been any effort to correct the evil until someone was spurred into action by a report of the Ventura County grand jury. It is alleged that Berg, the hotel man, no longer owns any stock in the holding company, and that another is managing the hotel, and that the present owners and management were innocent of any infraction of the law. While the hotel premises are not being used as a place where intoxicating liquor is now sold, these facts were presented to and considered by the trial court. The petition does not disclose whether or not petitioners were willing, or offered, or were refused an opportunity to enter into an undertaking, as they might have done if the trial court deemed such procedure proper or safe, as a guaranty against further infraction of the law; but appellants appear to have stood on their plea of a lack of jurisdiction in the lower court to order the hotel closed. The opportunity was open to them under the act, and the giving of such an undertaking has been held to be an alternative to a judgment in abatement. Appellants now assert a willingness to give such undertaking, if a *supersedeas* be granted. We are of the view, however, that the situation should remain as it was determined by the action of the trial court.

[3] The state of California, in adopting the Wright Act (Stats. 1921, p. 79), did not adopt the procedural features of the Volstead Act. The authority for the procedure in such actions in our courts must be found in the laws of this state, whether the proceeding is brought in the name of the United States, or in the name of People of the state of California, as authorized by the Volstead Act. (*Carse* v. *Marsh,* 189 Cal. 743 [210 Pac. 257]; *Ex parte Brambini,* 192 Cal. 19 [218 Pac. 569].) Section 949 of the Code of Civil Procedure (*supra*) was amended for a purpose. [4] In deny-

ing applications for writs of *supersedeas* pending appeals in other cases, the courts have held that the legislature, by amending the section, has indicated as its opinion that there should be no stay of an action to abate a nuisance where the judgment orders the closing of the building for any period of time, and the court having jurisdiction of the appeal ought to be careful not to nullify the statute. (*People, etc., v. Jackson,* 190 Cal. 257, 263 [212 Pac. 4] ; *People, etc., v. Piazza,* 59 Cal. App. 43, 45 [209 Pac. 1017].)

In view of the declared policy of the people of California, so plainly indicated by the amendment to the section, *supra,* and in the light of the allegations of the petition, we are of the view that we would not be justified in the issuance of the discretionary writ of *supersedeas* in this case. The application for such a writ is therefore denied.

Curtis, J., Richards, J., and Seawell, J., concurred.

Preston, J., and Langdon, J., being disqualified, did not participate in the foregoing opinion.

Rehearing denied.