THE PEOPLE OF THE STATE OF NEW YORK ex rel. ELMER H. LEMON, District Attorney of Orange County, Plaintiff, *v.* SALVATORE CAPARBO, Impleaded with Others, Defendants.

Supreme Court, Orange County, November 11, 1929.

*Elmer H. Lemon, District Attorney,* for the plaintiff.

*Henry Hirschberg,* for the defendants.

TAYLOR, J.   This action is brought by the plaintiff on the relation of the district attorney of Orange county, under the provisions of the Public Health Law, article 17-A, sections 343a–343z, 343aa–343cc (added by Laws of 1927, chap. 670), in effect to procure a judgment (1) restraining the use of real property in Newburgh, owned by the defendant Caparbo, as a nuisance, to wit, a house of prostitution (§ 343-b, as added by Laws of 1927, chap. 670); (2) abating the nuisance by an order entered as part of the judgment, which order shall direct the removal from the premises and the sale in the manner prescribed by statute of personal property used in conducting the nuisance, and shall direct the effectual closing of the building for the period of one year, during which it shall not be used for any purpose (§ 343-q, as added by Laws of 1927, chap. 670), unless sooner released as provided by statute (§ 343-v, as added by Laws of 1927, chap. 670); and (3) imposing the fixed penalty of $300 against the defendants found to be maintaining such nuisance, including the owner (§ 343-w, added by Laws of 1927, chap. 670, as amd. by Laws of 1929, chap. 373).   The defendant Elmore, who is in default herein for want of pleading, is the lessee of premises from the defendant Caparbo.   The latter, it is alleged, had knowledge of the fact that Elmore was conducting a disorderly house thereon, thereby maintaining a nuisance.   The defendant Elmore was heretofore convicted in the County Court of Orange county of a misdeamenor, because of her conduct in the premises in question.   Her conviction was affirmed (*People* v. *Elmore,* 225 App. Div. 877). The defendant Caparbo, vigorously contesting this action, heretofore moved for judgment upon the pleadings.   He urged the dismissal of the complaint for its alleged failure to set forth facts sufficient to constitute a cause of action.   He urged then and still insists that the statute (*supra*) was and is unconstitutional upon various grounds which are set forth in the dissenting opinion herein of Justice SCUDDER.   (See 225 App. Div. at p. 870.)   The learned justice at Special Term, in a short memorandum in which he intimated that the weight of authority was to the effect that the questioned statute was constitutional, denied Caparbo's motion.   The learned Appellate Division, by a divided court (*People ex rel. Lemon* v. *Elmore,* 225 App. Div. 869), affirmed the order of the Special Term.   The court in part sustained as constitutional the questioned statute, by an express declaration to the effect that it is constitutional in so far as that part thereof is concerned " which empowers the court to restrain the nuisance " (225 App. Div. 869, 870).   The majority

intimated that " that part of the act * * * which provides for the infliction of a penalty and a forfeiture *may be* [italics mine] unconstitutional." In express terms, however, the court did *not* declare that such provisions *are* unconstitutional. The minority (225 App. Div. at p. 873) declared in effect (a) that the statute imposes a penalty without the right of trial by jury; (b) that it deprives the defendant of property without due process of law (State Const. art. I, § 6), and (c) that it impairs the discretion of the Supreme Court of the State, in the exercise of its ancient and still extant (State Const., art. VI, § 1) equity jurisdiction. The learned justice added (225 App. Div. at p. 873): " For these reasons the law is unconstitutional and the complaint should be dismissed. The prevailing opinion of this court expresses doubt as to the constitutionality of that part of the statute which provides for the infliction of a penalty, but holds valid that part of the act which empowers the court to restrain the nuisance. I do not see the object of holding valid that part of the act which does not change the common-law rights of the parties. If I am correct in my opinion that the law is invalid for the reasons given above, then the act served no good purpose, for the common law offers every remedy and protection needed in such cases. In making this statement, I am bearing in mind section 343-cc of the act, which provides that if any part of the act be found unconstitutional, such finding shall not invalidate any other provision thereof."

The indicated disposition of that appeal makes it clear (1) that it is the law of this case to be followed by me, that the complaint *does* state facts sufficient to constitute a cause of action, and that the act *is* constitutional as far as the provision thereof is concerned which contemplates the injunction of the nuisance, and (2) as the majority of the court did *not* declare those parts of the act which impose a penalty and forfeiture to be unconstitutional, the questions presented by those provisions are open for determination in the light of the statement of the majority as to the possibility of their unconstitutionality, and of the opinion of the minority that the act in its entirety is unconstitutional — in so far as the latter opinion does not conflict with the express ruling made by the majority. *In limine,* I will now determine the issues of fact. Without detailing the credible evidence in the case, some of which is unpleasant, I find as facts (1) that the defendant Elmore, such lessee, and one Margute, in co-operation with other persons, prostitute inmates of the premises, for a considerable period of time before the commencement of this action, were maintaining a disorderly house thereon — a nuisance; (2) that the defendant owner Caparbo not only presumptively (Pub. Health Law, § 343-i, as added by

Laws of 1927, chap. 670), but actually, knew for a considerable period of time of the maintenance of the nuisance, which I find was so maintained with his full knowledge, approval and consent.    Under such circumstances, giving effect to the Appellate Division's ruling (225 App. Div. 869, 870), the plaintiff is at least entitled to, and must be awarded, a judgment containing the restraining provisions contemplated by section 343-b of the Public Health Law (as added by Laws of 1927, chap. 670.)    The serious question arises in relation to the other relief which plaintiff demands.    Light on the question is available in the judicial rulings of sister States; other legislation, either identical with or closely resembling that here questioned, has been sustained as valid.    As Justice SCUDDER intimates (225 App. Div. 870), States holding such laws to be valid had in most instances followed *State ex rel. Wilcox* v. *Ryder* (126 Minn. 95), while the opposite view has been taken in a case in New Jersey in which a like statute has been declared unconstitutional (*Hedden* v. *Hand*, 90 N. J. Eq. 583; 107 Atl. 285).    The greater weight of well-considered authority in this country, with which, after careful consideration, I am in accord, favors the contention of the plaintiff's learned counsel.    (Examine detailed list of statutes, numerous authorities bearing upon the question of their validity, contained in the opinion of GEORGE, J., in *Williams* v. *State*, [Ga.] 104 S. E. 408, at p. 409.)    I am mindful, however, that the learned minority opinion of Justice SCUDDER (*supra*), like that of Justice KALISCH in the *Hedden* case, presents as strong an argument as it is possible to present in support of the defendant's contention upon a question not wholly free from doubt, and which should be submitted ultimately to our highest court for determination.    *Colon* v. *Lisk* (13 App. Div. 195; affd., 153 N. Y. 188), upon which the defendant relies, declared unconstitutional an act (Laws of 1896, chap. 383) which authorized the seizure and ultimate confiscation, in pursuance of a judgment of a justice of the peace, without a jury trial, of private property involved in what was *not* a nuisance at common law.    The court said that such confiscation might be of " the entire property of an individual for the commission of a trespass upon the property of another, however slight, and this, too, although the owner is guiltless of an intended or actual wrong."    (153 N. Y. at p. 194.) Here, however, the act in question seeks to accomplish the protection of the public in a situation presenting a disorderly house — a nuisance at common law and by statute.    The interference with this defendant's property and the seizure of his furniture, etc., used in the conduct of the nuisance becomes a finally accomplished fact only after the due process of law contemplated and provided by the act has been had.    There is clearly a vast difference between

*Colon* v. *Lisk* and the case at bar. Further, Judge MARTIN, in *Colon* v. *Lisk* (153 N. Y. at p. 195), significantly points to the distinction above suggested when he says, referring to the act there under consideration, " the *use* for which vessels and fixtures may be forfeited * * * does not constitute a nuisance, either at common law, or under this, or any other statute." Here the disorderly house constituted such nuisance, the abatement of which the Legislature had power to authorize because such a house, every one agrees, is detrimental to the public interest. *Ely* v. *Supervisors of Niagara County* (36 N. Y. 297) was a case in which a disorderly house was involved. It did not present, however, a situation in which the Legislature had prescribed a method involving judicial inquiry preliminary to the abatement of the nuisance. In that case, the neighbors, of their own motion, attempted to and did consummate the abatement of the nuisance without resort to judicial or any legal process. They simply took the law into their own hands and tore down the house in which the nuisance was conducted. The expressions in the opinion in the *Ely* case should be read and considered in the light of its peculiar facts. Reverting again to the case at bar, it is to be observed that high authority has intimated that the destruction, in the exercise of the police power, of property used in violation of law in maintaining a public nuisance, is not a taking of property for public use and does not deprive the owner of it without due process of law. (*Mugler* v. *Kansas,* 123 U. S. 623.) " The acknowledged police power of a state extends often to the destruction of property. A nuisance may be abated. Everything prejudicial to the health or morals of a city may be removed." · (*Mugler* v. *Kansas, supra,* quoting from Mr. Justice McLEAN in *License Cases,* 5 How. [U. S.] 504, 588, 589.) That equity has jurisdiction in regard to public nuisances is not at all doubtful; in fact, it is an ancient legal truism. (*Mugler* v. *Kansas, supra,* at pp. 672, 673; *Matter of Love, infra; Chase* v. *Proprietors of Revere House,* 232 Mass. 88, 94.) It is well established, also, that a jury trial is not requisite in a suit in equity brought to abate a public nuisance. (*Mugler* v. *Kansas, supra,* at p. 637; *Chase* v. *Proprietors of Revere House, supra,* at p. 99; *Matter of Love,* 205 App. Div. 363.) I am of opinion, also, that this act does not interfere with the equity jurisdiction of the Supreme Court, but rather is a proper enlargement of such jurisdiction. It is an act designed to protect the health and morals rather than to provide a remedy for injury to private property. (*Williams* v. *State, supra.*) Being an enlargement of equity jurisdiction (See State Const. art. VI, § 20), it does not violate the right of trial by jury or deny due process of law. (*Williams Case, supra,* at p. 409, and numerous cases

there cited; *Matter of Love, supra.*) (See, also, *State ex rel. Wilcox* v. *Ryder, supra.*) As to the $300 penalty read *State ex rel. Wilcox* v. *Ryder (supra)* and *State* v. *Terrett* (131 Minn. 349).

Finally, it is proper to note that from a moral and practical standpoint no real injustice will be done to the owner, defendant, who countenanced the nuisance found, and who is charged with the knowledge of the law and of the results detrimental to himself which might flow from his conduct, namely, that the maintenance of the nuisance so by him countenanced, if judicially found as a fact, would result in an injunction restraining such maintenance of that nuisance, in the seizure and sale of his personal property used in its conduct, in the closing of his property for one year for all purposes, and in the imposition of the financial penalty of $300.

I determine that the statute in question is not only presumptively but actually a valid and constitutional exercise of the police power in all respects, and I direct judgment in favor of the plaintiff against the defendants for all the relief demanded in the complaint, except that prayed for in relation to the furniture and fixtures said to have been used in the conduct of the nuisance, as to which relief is denied for the reason that there is no evidence before me upon which a finding could be made identifying such furniture and fixtures. No relief is awarded against the defendant mortgagee. The plaintiff is awarded a bill of taxable costs and disbursements against defendants Elmore and Caparbo. Settle decision and judgment on notice. The defendant may present requests to find upon which I will pass. I will retain all papers pending such settlement.