UNITED STATES OF AMERICA, Plaintiff, *v.* ANDY SIRIANNI, and Certain Other Persons Interested in Premises 107½ Railroad Avenue, Olean, New York, Defendants.

Supreme Court, Cattaraugus County, April 25, 1931.

*A. Edward Krieger, District Attorney* [*Paul Z. Murphy* of counsel, and *H. J. Rambert* on the brief], for the plaintiff.

*Henry P. Nevins*, for the defendants Andy Sirianni and others.

*John H. Ryan*, for the defendants Bernhardt Edel (designated as John Doe) and others.

*Michael J. Maher*, for the defendants Don Donovan and others.

*William B. Mahoney*, for the defendants Chester Rine and others.

*D. L. Jewell*, for the defendants Anthony Pezzimenti and another.

*Frank H. Mott* and *John W. Ellis*, for the defendants Roland Simons and another.

HARRIS, J. These are all actions on the equity side of this court, brought by the United States of America, as plaintiff, against the various defendants, to restrain the maintenance of places which, by virtue of the acts of the United States, are declared to be public nuisances. The prayer for judgment in each action asks that the defendant therein be restrained from the further commission of nuisance on the property described in the complaint and that the occupation and use of such premises be prevented for a period of one year.

Each of these actions is brought under the National Prohibition Act (U. S. Code, tit. 27, § 34; 41 U. S. Stat. at Large, 314), commonly known as the Volstead Act, which provisions read as follows: " An action to enjoin any nuisance defined in this chapter may be brought in the name of the United States by the Attorney-General of the United States or by any United States attorney or any prosecuting attorney of any State or any subdivision thereof or by the commissioner or his deputies or assistants. Such action shall be brought and tried as an action in equity and may be brought in any court having jurisdiction to hear and determine equity cases. If it is made to appear by affidavits or otherwise, to the satisfaction of the court, or judge in vacation, that such nuisance exists, a temporary writ of injunction shall forthwith issue, restraining the defendant from conducting or permitting the continuance of such nuisance until the conclusion of the trial. If a temporary injunction is prayed for, the court may issue an order restraining the defendant and all other persons from removing or in any way interfering with the liquor or fixtures, or other things used in connection with the violation of this chapter constituting such nuisance. No bond shall be required in instituting such

proceedings. It shall not be necessary for the court to find the property involved was being unlawfully used as aforesaid at the time of the hearing, but on finding that the material allegations of the petition are true, the court shall order that no liquors shall be manufactured, sold, bartered, or stored in such room, house, building, boat, vehicle, structure, or place, or any part thereof. And upon judgment of the court ordering such nuisance to be abated, the court may order that the room, house, building, structure, boat, vehicle, or place shall not be occupied or used for one year thereafter; but the court may, in its discretion, permit it to be occupied or used if the owner, lessee, tenant or occupant thereof shall give bond with sufficient surety, to be approved by the court making the order, in the penal and liquidated sum of not less than $500 nor more than $1,000 payable to the United States, and conditioned that intoxicating liquor will not thereafter be manufactured, sold, bartered, kept or otherwise disposed of therein or thereon, and that he will pay all fines, costs, and damages that may be assessed for any violation of this chapter upon said property."

Each of the complaints herein alleges facts sufficient to constitute a violation of the provisions forbidding such public nuisance, and in place of trying these actions the parties thereto have stipulated that the allegations of the complaints may be considered as having been proven to the satisfaction of the court, and that the decision of the court may be rendered as if such facts had been proven.

The defendants herein each claim that, despite the truth of the matters alleged in the complaint, this court has no jurisdiction to pronounce judgment in favor of the plaintiff and rest their claims on the contention that the Congress of the United States has no authority to confer jurisdiction on State courts or to obligate such State courts to assume jurisdiction in the enforcement of any statutes enacted by the Congress.

The plaintiff claims (and cites as authority for this viewpoint, *United States* v. *Sumner*, 125 Misc. 658) that on the prayer of the United States as a party plaintiff, the State courts are bound to take jurisdiction in cases brought under section 34 of title 27 of the United States Code.

The laws of the United States are binding on the States and all the citizens of such States but this does not necessarily mean that jurisdiction to enforce such laws may be forced on the State courts by the Congress.

The statute in question itself does not, by its language, compel the State courts to take jurisdiction of actions brought under such

statute. It is permissive in language and should be read as conferring but not compelling jurisdiction so far as State courts are concerned.

Authorities consistent and wide-spread hold: (1) That the State courts may take jurisdiction of actions based on a statute of the Congress, provided that originally such State courts have jurisdiction sufficient to take cognizance of the type of action provided for in such statute; (2) that the State, by provisions in its Constitution or by appropriate legislation, may limit the jurisdiction of the courts so that the courts shall not take cognizance of actions brought under a Federal statute. (*Second Employers' Liability Cases,* — U. S. —; *Robertson* v. *Baldwin,* 165 id. 275; *Prigg* v. *Commonwealth of Pennsylvania,* 16 Peters, 539, 622; *Martin* v. *Hunter's Lessee,* 1 Wheat. 304, 330; *Murnan* v. *Wabash Railway Co.,* 246 N. Y. 244; *U. S.* v. *Lathrop,* 17 Johns. 4; *Ex Parte Gounis,* 304 Mo. 428; 263 S. W. 988; *Ely* v. *Peck,* 7 Conn. 239, 242; *Rushworth* v. *The Judges,* 58 N. J. Law, 97; 1 Kent Comm. part 2, 399, 402, 403.)

But if the courts of the State have jurisdiction in a certain type of action, then the State courts should be open to all litigants seeking relief in actions of a nature similar to that type. This rule is with the limitation that the taking of jurisdiction by the courts should primarily be compatible with the obligations owed to the State and its citizens and their rights to have their litigations disposed of according to law. (*Murnan* v. *Wabash Railway Co., supra;* 1 Kent Comm. part 2, 401.)

The equity branch of our courts has, long before the enactment of the National Prohibition or Volstead Act, taken cognizance of the abatement of nuisances, and so this court has jurisdiction to restrain the commission of a public nuisance.

The violation of the National Prohibition Act is a public nuisance. (*U. S.* v. *Sumner, supra.*)

So this court may take jurisdiction of an action brought to restrain violations of the National Prohibition Act. In view of this and in view of the fact that no one is denied entrance to our courts to restrain the commission of a nuisance, there is no reason why our courts should deny to the United States of America, the right to bring such actions. It may be that in the transaction of other business, the district attorney or the courts may be so occupied that the orderly and ordinary administration of justice in the courts would be seriously handicapped by our courts taking cognizance of the types of suits similar to these at bar and, if so, I am of the opinion that such district attorneys may refuse to prosecute such actions and the courts so burdened have the right

to refuse to take jurisdiction of such actions. In the cases at bar, such a situation does not exist and so long as our courts are open on the equity side for actions restraining the commission of nuisances, I feel that jurisdiction should be retained to the extent of enforcing in these actions the remedies provided for in section 34, title 27. of the United States Code.

There are questions raised in reference to two provisions of section 34 above quoted, which create some doubt as to their validity. The first is the provision providing that a temporary injunction may be secured by the United States of America as party plaintiff without the court requiring a bond. On this question, the provisions of section 819 of the Civil Practice Act of this State apparently are controlling. This section provides that except where security is expressly dispensed with by statute, an injunction order shall not be granted unless the party applying therefor gives security for the protection of the party against whom or whose property the order is to be directed. There is no provision in the statutes of the State dispensing with the giving of security by the United States of America and in so far as the Congress has endeavored to dispense with the giving of such security, such legislation by the Congress probably is not of effect; but this question loses its interest in so far as the cases at bar are concerned, due to the fact that it has not been raised in an attack on the temporary injunction orders. (*Ex Parte Gounis, supra.*) The second question is as to the legality of the provisions of section 34 providing for the remedy of forbidding occupancy or use of the premises which are the subject of suit under such section 34. The contention of those opposed to the enforcement of such provision is that the deprivation of the use of the premises or the prohibition of their occupancy amounts to a taking of property without a jury trial. In this State the authorities are to the effect that prohibiting the occupancy of a place or its use on the ground that it is a nuisance is simply an enforcement of the restraining power of the court. Based on the well-recognized premise that the courts may restrain the commission of a nuisance, it has been held in this State, in suits arising under State statutes similar to these provisions of the National Prohibition Act, that the so-called padlocking of a place where a nuisance has been committed is a part of the restraining power of the court. (Public Health Law, § 343-q, as added by Laws of 1927, chap. 670; *People ex rel. Lemon* v. *Caparbo and Elmore*, 135 Misc. 151; mod. and affd., 230 App. Div. 543; Laws of 1921, chap. 155, § 1217, the so-called Mullan-Gage Act, since repealed, Laws of 1923, chap. 871; *Matter of Love*, 205 App. Div. 363.)

Therefore, it is necessary to hold that the provisions in reference

to forbidding occupancy or use of the premises which have been used or occupied for the purposes of nuisance are valid.

Based on the foregoing, I hold that the plaintiff is rightfully within the jurisdiction of the court in each one of these actions and is entitled to a judgment in each action, restraining the defendant or defendants therein from further violation of the National Prohibition Act. In reference to the enforcement of the so-called padlock provision of section 34, such enforcement, as a matter of practice, has become discretionary with the court. The places described in the various complaints herein have been padlocked under the temporary restraining orders for several months. I feel that it is only fair action to provide in the judgment herein that the use or occupancy of the premises described in the various complaints should be prohibited for one year from the date of the original padlocking, with the further provision that on the giving of a bond for sufficient security in the sum of $500, the owner or lessee or tenant of the premises described in a complaint may be permitted to make use of such premises for any legal purpose.

Some of these actions were submitted under a stipulation that such judgment as this court shall decree therein shall be without costs and shall not or may not be the subject of appeal and in such actions the judgment may contain a provision carrying into effect such stipulation.

Findings and judgment in accordance with the above may be submitted to me for signature.