[Civ. No. 15032.   Second Dist., Div. Two.   Oct. 15, 1945.]

THE PEOPLE, Respondent, v. DORSEY SMITH, Appellant.

Robert A. Neeb, Jr., for Appellant.

Fred N. Howser, District Attorney (Los Angeles), and Robert Wheeler, Deputy District Attorney, for Respondent.

FOX, J. pro tem.— The petitioner, Dorsey Smith, seeks a writ of supersedeas to restrain, pending appeal, the execution of the judgment rendered against him (and other nonappealing defendants) in an action filed by the District Attorney of Los Angeles County to abate an alleged public nuisance under the Red Light Abatement Act (Stats. 1913, p. 20; Deering's Gen. Laws, 1937, Act 6161).

The judgment provided, in accordance with the authority contained in section 7 of said act, that the designated premises be closed against their use for any purpose and so kept closed for the period of one year. An appeal does not stay proceedings on a judgment in such an action. (Code Civ. Proc., § 949.) Hence this application for supersedeas.

The question of granting or denying supersedeas in an action to abate a public nuisance under the Red Light Abatement Act was presented in *People* v. *Jackson*, 190 Cal. 257, 263 [212 P. 4]. In denying the writ the court said: ''The legislature by enacting [and amending] section 949 has indicated as its opinion that there should be no stay of an action to abate the character of nuisance complained of in the case at bar, and this court ought not to lend its aid to the continuance of such business in the absence of some showing of merit in the appeal. . . .'' In denying supersedeas in *Nuckolls* v. *Bank of California, Nat. Assn.*, 7 Cal.2d 574 [61 P.2d 927], the court pointed out (p. 578) that ''probable error'' in the trial court's judgment ''has not been made to appear.'' In denying an application for a writ of supersedeas in *Kane* v. *Universal Film Exchanges*, 32 Cal.App.2d 365, 367 [89 P.2d 693, 91 P.2d 577], the court says that it is ''well settled that in determining whether an application for the writ shall be granted, error will not be presumed; that the rights of the respondent as well as those of the appellant must be taken into consideration; and that until the contrary is shown the presumption is in favor of the lower court's decision.'' Probable error has not been shown by petitioner.

In *United States of America* v. *Berg*, 202 Cal. 10 [258 P. 942], which was an action to abate a nuisance under the prohibition law and thus close a hotel in Ventura, the court in denying an application for supersedeas pointed out (p. 15) that the issuance of the writ is discretionary and that the Legislature, by amending section 949, Code of Civil Procedure, has indicated its opinion that there should be no stay of an execution to abate a nuisance where the judgment orders the closing of the building for any period of time, and ''the court having jurisdiction of the appeal ought to be careful not to nullify the statute.''

Our view of the application here presented for supersedeas is well expressed in *People* v. *Piazza*, 59 Cal.App. 43 [209 P. 1017], where supersedeas was also sought in a red light abatement action. It was there stated (pp. 45-46) that ''Without

passing on the merits of the appeal, it may be said that an examination of the record discloses nothing to influence the court's discretion in favor of the issuance of the writ.''

The order to show cause and the temporary restraining order are discharged and the writ prayed for is denied.

Moore, P. J., and McComb, J., concurred.